40        83 Mass. App. Ct. 40 (2012)

Buccaneer Development, Inc. *v.* Zoning Board of Appeals of Lenox.

# Buccaneer Development, Inc. *vs.* Zoning Board of Appeals of Lenox.

No. 11-P-1159.

Hampden. February 1, 2012. - December 28, 2012.

Present: Graham, Grainger, & Hanlon, JJ.

*Jurisdiction,* Land Court, Housing Court. *Land Court,* Jurisdiction. *Housing Court,* Jurisdiction.

In a civil action challenging the denial by the defendant zoning board of appeals of an application for a special permit, which commenced in the permit session of the Land Court and subsequently was transferred to the Housing Court, the Housing Court judge erred in denying a motion to remand the case to the Land Court, where the Housing Court lacked subject matter jurisdiction, in that G. L. c. 185, § 3A, did not confer upon the Housing Court authority to adjudicate the types of actions specified by that statute. [41-45]

Civil action commenced in the Land Court Department on January 9, 2008.

After transfer to the Western Division of the Housing Court Department, a motion to remand was heard by *William H. Abrashkin,* J., and the case was heard by *Dina E. Fein,* J.

*Brett D. Lampiasi* for the plaintiff.

*Jeremia A. Pollard* for the defendant.

Graham, J. On January 9, 2008, Buccaneer Development, Inc. (Buccaneer), commenced an action in the permit session of the Land Court, appealing the denial of its application for a special permit by the zoning board of appeals (board) of the town of Lenox (town). G. L. c. 185, § 3A, inserted by St. 2006, c. 205, § 15. The special permit application sought permission to build a retirement community of twenty-three single-family homes on vacant land in the town. In its complaint, Buccaneer alleged that the board had erred as a matter of law and abused its discretion in denying the special permit.

On February 1, 2008, the attorney for the board (town counsel) filed a "notice of transfer" in the permit session, requesting that the case be moved to the Housing Court pursuant to G. L. c. 185C, § 20.[1] The Land Court docket indicates that the "case [was] disposed by transfer" on February 7, 2008, apparently by action of a clerk of the Land Court. The case was entered in the Housing Court on February 15, 2008.

Buccaneer filed a motion to remand the case to the permit session of the Land Court on February 21, 2008, which was denied by a judge of the Housing Court (motion judge). Two years later, following a bench trial in the Housing Court, the board's denial of the special permit was affirmed. Buccaneer appeals from the ensuing judgment.

*Discussion.* The sole issue before us is whether the Housing Court had subject matter jurisdiction over this case.[2] "Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought, which among the various trial courts . . . is both conferred and limited by statute." *Middleborough* v. *Housing Appeals Comm.*, 449 Mass. 514, 520 (2007) (quotations and citations omitted). Simply put, the question is: "Has the Legislature empowered the court to hear cases of a certain genre?" *Doe, Sex Offender Registry Bd. No. 3974* v. *Sex Offender Registry Bd.*, 457 Mass. 53, 56-57 (2010), quoting from *Wachovia Bank, Natl. Assn.* v. *Schmidt*, 546 U.S. 303, 316 (2006).

We begin our inquiry with the language employed by the Legislature in G. L. c. 185, § 3A (permit session law or statute). See *Norfolk & Dedham Mut. Fire Ins. Co.* v. *Morrison*, 456 Mass. 463, 468 (2010). In 2006, the permit session was created within the Land Court Department as part of a far-ranging emergency law, St. 2006, c. 205, entitled "An Act Relative to Streamlining and Expediting the Permitting Process in the Commonwealth." This separate Land Court session was established so that "all permit-related litigation involving large

---

[1]General Laws c. 185C, § 20, as amended through St. 1992, c. 379, § 56, provides in relevant part, "Any civil action within the jurisdiction of the housing court department which is pending in another [trial] court department may be transferred to the Housing Court by any party thereto."

[2]Apart from the threshold jurisdictional question, Buccaneer raises other assignments of error related to the merits of the case, which we do not address.

projects may be heard by a designated judge on an accelerated track in order to promote speedy disposition of disputes." Scheier, At the Land Court — Innovation Is the Order of the Day, 55 Boston B.J. 23, 24 (2011). The reform legislation took effect on August 2, 2006, by emergency preamble.[3]

General Laws c. 185, § 3A, provides that the "[p]ermit session shall have original jurisdiction, concurrent with the superior court department, over civil actions in whole or in part: (*a*) based on or arising out of the appeal of any municipal, regional or state permit . . . , or the denial thereof, concerning the use or development of real property, . . . [and] arising under . . . chapters 30A, 40A to 40C inclusive . . . or any local bylaw or ordinance." A case can be filed in the permit session "only if the underlying project or development involves either 25 or more dwelling units or the construction or alteration of 25,000 square feet or more of gross floor area or both."[4] *Ibid.* It is undisputed that the proposed project here involved the construction of more than 40,000 square feet of gross floor area. Buccaneer's case met the jurisdictional requirements for the permit session, and was approved for filing in the permit session by the recorder of the Land Court by an endorsement on Buccaneer's civil cover sheet.[5]

For actions not commenced in, but within the jurisdiction of, the permit session, the statute authorizes any party to file a motion with the chief justice of the trial court to transfer the action

---

[3]The preamble provides: "The deferred operation of this act would tend to defeat its purpose, which is to forthwith expedite the permitting process in the commonwealth, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience."

[4]The statute sets out strict time standards for actions filed in the permit session. For an "A" case, the track designation of Buccaneer's action, a trial must commence no later than twelve months from the filing of the action. G. L. c. 185, § 3A, sixth par. Matters assigned to the "F" track must be tried within nine months of commencement; and "X" track cases must be tried within six months. *Ibid.* The Legislature also directed the Land Court to establish a procedure for mediation, subject to court rules, that promotes the "expeditious resolution" of cases "within the time periods provided in this chapter." G. L. c. 185, § 3A, ninth par.

[5]A plaintiff initiating an action for review in the permit session must complete and file a specific civil cover sheet, the terms of which require the plaintiff's counsel to certify that the action satisfies "the threshold requirements for the permit session." Buccaneer filed the necessary cover sheet.

to the permit session. "If a party to an action commenced in or transferred to the permit session claims a valid right to a jury trial, [t]hen the action shall be transferred to the superior court for a jury trial." G. L. c. 185, § 3A, fourth par. There is no provision in the statute that allows the transfer of a pending permit session case to any other trial court department of the Commonwealth, including the Housing Court.

In denying Buccaneer's request to remand the case to the Land Court, the motion judge ruled: "Prior to the adoption of G. L. c. 185, § 3A (c. 205, § 15 of St. 2006) this court had subject matter jurisdiction over this residential zoning case. G. L. c. 185C, § 3; G. L. c. 40A, § 17. Nothing in c. 185, § 3A purports to change this court's jurisdiction. Rather, that statute adds a new forum to the existing scheme." We disagree with the motion judge's ruling.

The legislative purpose of the permit session law is readily apparent from its title[6] and its text. The permit session was created by the Legislature to serve as a specialized judicial forum, bound by strict time standards, in order to promote the expeditious resolution of permit-based civil cases stemming from large development projects. Original jurisdiction of such cases is conferred only on the permit session and the Superior Court. Conspicuously absent from the permit session law's jurisdictional designation is the Housing Court.

General Laws c. 185C, § 3, confers general jurisdiction on the Housing Court over G. L. c. 40A appeals, concurrently with the District Court and Superior Court, and G. L. c. 40A, § 17, authorizes appeals of final decisions of a permitting authority to the Land Court, Superior Court, or, if the land is in Hampden Country, "to the division of the housing court department for said county." In contrast, in G. L. c. 185, § 3A, the Legislature did not grant authority to the Housing Court to adjudicate the types of actions specified by the statute. The statute does not allow any necessary inference to the contrary, and "[w]e will not expand or limit the meaning of a statute unless such is required by the 'object and plain meaning' of the statute." *Norfolk &*

---

[6] The title of an act is helpful in interpreting the language of a statute, though it is not conclusive. *Massachusetts Insurers Insolvency Fund* v. *Safety Ins. Co.*, 439 Mass. 309, 315 (2003).

*Dedham Mut. Fire Ins. Co.* v. *Morrison*, 456 Mass. at 468, quoting from *Rambert* v. *Commonwealth*, 389 Mass. 771, 773 (1983). See *Johnson's Case*, 318 Mass. 741, 747 (1945).

The legal conclusion to be drawn from the Legislature's omission of the Housing Court from the permit session law's jurisdictional designation is clear. "If the omission was intentional, no court can supply it. If the omission was due to inadvertence, an attempt to supply it . . . would be tantamount to adding to a statute a meaning not intended by the Legislature." *Mitchell* v. *Mitchell*, 312 Mass. 154, 161 (1942). See *Cranberry Realty & Mort. Co.* v. *Ackerley Communications, Inc.*, 17 Mass. App. Ct. 255, 257 (1983). When the Legislature has employed specific language in one statute but not in another, "the legislative language should not be implied where it is not present." *Beeler* v. *Downey*, 387 Mass. 609, 616 (1982).

It is also readily apparent that the Legislature has covered the field of permit-based actions arising from large-scale projects with its enactment of the permit session law. "It is a general principle that, where a statute covers the whole subject to which it relates, including means for redress for wrongs arising in connection with it, other provisions of law are superseded." *Knowlton* v. *Swampscott*, 280 Mass. 69, 71 (1932). That is the situation here. The more recent, specific permit session law controls over G. L. c. 185C, § 3, and G. L. c. 40A, § 17, which relate generally to permit-based zoning appeals. See *Planning Bd. of Hingham* v. *Hingham Campus, LLC*, 438 Mass. 364, 367 (2003). The Housing Court's general grant of jurisdiction under G. L. c. 185C "must be construed in light of other statutes dealing more specifically with the permitting process." *Bagley* v. *Illyrian Gardens, Inc.*, 401 Mass. 822, 824 (1988). By explicitly granting jurisdiction to the permit session and the Superior Court to hear permit-based civil actions involving large-scale projects, the Legislature implicitly denied such jurisdiction to the Housing Court. See *ibid.*

The fact that this case was tried in the Housing Court is of no consequence. "Consent or waiver by parties cannot confer jurisdiction over a cause not vested in the court by law." *Maley* v. *Fairhaven*, 280 Mass. 54, 56 (1932). See *McDougall* v. *Acres*, 427 Mass. 363, 371 (1998), quoting from *Litton Bus. Sys., Inc.*

v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981) ("it is well-settled law that '[s]ubject matter jurisdiction cannot be conferred by consent, conduct or waiver' "). Nor is it of any relevance that the Housing Court may have been more convenient for the board, as opposed to the permit session. Venue is largely a matter of the parties' convenience; venue and subject matter jurisdiction, however, "are not concepts of the same order." *Wachovia Bank, Natl. Assn.* v. *Schmidt*, 546 U.S. at 316.

*Conclusion.* The corrected judgment dated December 14, 2010, is vacated, and the matter is remanded to the Housing Court, where the order denying Buccaneer's motion to remand to the Land Court is to be reversed, and a new order is to be entered allowing such motion.[7]

*So ordered.*

---

[7]The case shall be adjudged in light of the town by-law as it existed in December, 2007. We see no merit in the board's suggestion that Buccaneer's notice of appeal was untimely.