NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1947                                            Appeals Court


   MICHAEL SKAWSKI & others[1] vs.  GREENFIELD INVESTORS PROPERTY
                      DEVELOPMENT, LLC.[2]



         No. 13-P-1947.     February 27, 2015.


Jurisdiction, Land Court, Housing Court.  Land Court,
     Jurisdiction.  Housing Court, Jurisdiction.


     Upon a joint motion by the defendant, Greenfield Investors
Property Development, LLC (Property Development), and the
plaintiffs (abutters), a judge of the Western Division of the
Housing Court Department reported, for further review and
determination pursuant to Mass.R.Civ.P. 64(a), as amended, 423
Mass. 1403 (1996), her order denying Property Development's
motion to dismiss.  Property Development challenges the Housing
Court's jurisdiction over the abutters' claim.  Relying on our
holding in Buccaneer Dev., Inc. v. Zoning Bd. of Appeals of
Lenox, 83 Mass. App. Ct. 40 (2012) (Buccaneer), Property
Development argues that with the enactment of G. L. c. 185,
§ 3A, establishing an expedited permit session in the Land Court
for large-scale development projects and grant of concurrent
jurisdiction to the Superior Court,[3] the Legislature divested the

_____

     [1] Melani Skawski, Ralph Gordon, Jr., Susan Gordon, Joanna W.
Mann, Joanna J. Mann, and Shirley Lowe.

     [2] The planning board of Greenfield and its members,
individually and in their capacity as members of the planning
board, were named as defendants in the complaint; however, they
are not parties to this appeal.

     [3] General Laws c. 185, § 3A, inserted by St. 2006, c. 205,
§ 15, in pertinent part, states:  "The permit session [of the

Housing Court of jurisdiction over such matters.  It asserts, therefore, that the judge erred in denying its motion to dismiss the abutters' claim for lack of subject matter jurisdiction.  We agree and reverse the order denying Property Development's motion to dismiss.

Background.  The planning board of Greenfield issued a special permit approving Property Development's plan to develop a 135,000-square-foot retail facility within the town of Greenfield.[4]  The abutters filed an appeal pursuant to G. L. c. 40A, § 17, in the Western Division of the Housing Court Department, challenging the issuance of a special permit to Property Development.  Property Development and its codefendants (see note 2, supra) subsequently filed a joint motion with the Chief Justice for Administration and Management of the Trial Court (CJAM)[5] to have the matter transferred pursuant to G. L. c. 185, § 3A, to the permit session of the Land Court.  The abutters opposed the transfer.  The CJAM denied the motion, and litigation proceeded in the Western Division of the Housing Court Department.

Following our decision in Buccaneer, supra, Property Development moved to dismiss the abutters' action, asserting that the Housing Court lacked subject matter jurisdiction over the action.  The Housing Court judge denied Property Development's motion to dismiss and conditioned that denial upon

---

Land Court] shall have original jurisdiction, concurrently with the superior court department, over civil actions . . . arising out of the appeal of any municipal . . . permit . . . concerning the use or development of real property . . . only if the underlying project or development involves either 25 or more dwelling units or the construction or alteration of 25,000 square feet or more of gross floor area or both."

[4] There is no dispute that a project of this size falls within the scope of G. L. c. 185, § 3A.  See note 3, supra.

[5] At that time, G. L. c. 185, § 3A, inserted by St. 2006, c. 205, § 15, stated:  "[A]ny action not commenced in the permit session, but within the jurisdiction of the permit session . . . , may be transferred to the permit session, upon motion by any party to the chief justice for administration and management."  The statute was subsequently amended, and the authority to transfer such cases is now vested in the Chief Justice of the Trial Court.  G. L. c. 185, § 3A, as amended by St. 2011, c. 93, §§ 25, 26.

approval from the Chief Justice of the Housing Court Department to transfer the matter to the Superior Court.  To obtain that approval, the judge sent a letter requesting that the case "be transferred administratively to the Superior Court department pursuant to G. L. c. 211B, § 9, and that [she] be cross-designated and assigned to handle it."  After that request went unaddressed for five months, the Housing Court judge issued an order denying Property Development's motion to dismiss.  That order is the subject of this appeal.

Discussion.  The abutters argue that before the enactment of G. L. c. 185, § 3A, the Western Division of the Housing Court Department had concurrent jurisdiction with both the Superior and Land Courts pursuant to G. L. c. 40A, § 17, over permit appeals.  They assert that because the Legislature did not confer to the permit session of the Land Court and the Superior Court exclusive jurisdiction over matters falling within the scope of G. L. c. 185, § 3A, the Housing Court retained jurisdiction over these matters under G. L. c. 40A, § 17.  They contend the enactment of G. L. c. 185, § 3A, established simply an additional forum for these matters without stripping the Housing Court of its prior jurisdiction.[6]  In Buccaneer, we rejected this precise contention.  We "disagree[d] with the motion judge's ruling" that "[n]othing in [G. L.] c. 185, § 3A[,] purports to change [the Housing] [C]ourt's jurisdiction [under G. L. c. 185C, § 3, and G. L. c. 40A, § 17, but] [r]ather, that statute add[ed] a new forum to the existing scheme."  Buccaneer, 83 Mass. App. Ct. at 43.

We noted that in carving a distinct path for permit-based cases stemming from litigation pertaining to large-scale projects, the Legislature conferred original jurisdiction of those matters to the Superior Court and the permit session of the Land Court.  See ibid.  We reasoned that "where a statute

_____

[6] The abutters also argue that because G. L. c. 185, § 3A, contemplates discretionary transfers of actions falling within its scope to the permit session, the Legislature implicitly contemplated the existence of multiple forums, including that of the Housing Court.  We agree that § 3A confers jurisdiction over these matters to more than simply the permit session of the Land Court, as it explicitly identifies the Superior Court as having concurrent jurisdiction.  G. L. c. 185, § 3A.  We disagree, however, that G. L. c. 185, § 3A, extended such jurisdiction to the Housing Court.  See Buccaneer, 83 Mass. App. Ct. at 43 ("Conspicuously absent from the permit session law's jurisdictional designation is the Housing Court").

covers the whole subject to which it relates, [as G. L. c. 185, § 3A, does here] . . . , other provisions of law are superseded," id. at 44 (citation omitted), and we concluded that "[b]y explicitly granting jurisdiction to the permit session and the Superior Court to hear permit-based civil actions involving large-scale projects, the Legislature implicitly denied such jurisdiction to the Housing Court."  Ibid.

Contrary to the abutters' assertions and the motion judge's ruling,[7] the fact that the abutters' permit appeal was filed before our decision in Buccaneer is of no consequence, as it is G. L. c. 185, § 3A, itself and not our decision in Buccaneer that deprives the Housing Court of jurisdiction.  See id. at 41. See also Middleborough v. Housing Appeals Comm., 449 Mass. 514, 520 (2007), quoting from Edgar v. Edgar, 403 Mass. 616, 619 (1988) ("Subject matter jurisdiction . . . 'is both conferred and limited by statute'").  Cf. Litton Bus. Sys., Inc. v. Commissioner of Rev., 383 Mass. 619, 622 (1981) ("The point was not raised until after the case had been decided in the Superior Court and reported to the Appeals Court.  Nevertheless, we cannot proceed if jurisdiction is lacking").  Furthermore, the judge's emphasis on policy considerations, such as the proximity of the parties' residences to the Housing Court session or the ability of the Housing Court to dispose of the matter equally as expeditiously as the permit session of the Land Court, is also unavailing.[8]  See Wachovia Bank, Natl. Assn. v. Schmidt, 546 U.S. 303, 316 (2006) ("Subject-matter jurisdiction . . . does not entail an assessment of convenience"); Buccaneer, supra at 45 ("Nor is it of any relevance that the Housing Court may have been more convenient . . . as opposed to the permit session").

---

[7] We disagree with the judge's ruling that the Housing Court retained jurisdiction because the abutters filed their case "prior to the decision in Buccaneer, when the case[] [law] left no question that [the Housing] [C]ourt had jurisdiction to hear their appeal."

[8] The judge found that "the tracking order which issued when this case was originally filed would have disposed of the case relatively as expeditiously as provided for in the Permit Session," and that the abutters "filed this case in the Western Division Housing Court, which sits weekly in the county where they live and where the project in question will abut their homes if the decision to allow the special permit is upheld." The judge also determined that "the policy considerations implicit in the [Buccaneer] decision [do not] mitigate in favor of dismissing this case."

Accordingly, we conclude that the Housing Court lacks subject matter jurisdiction over the abutters' permit action and, further, that the motion judge erred in denying Property Development's motion to dismiss for lack of subject matter jurisdiction.[9]

<u>Order denying motion to<br>dismiss reversed</u>.

    <u>David S. Weiss</u> (<u>Marshall D. Senterfitt</u> with him) for the defendant.
    <u>Thomas Lesser</u> for the plaintiffs.

---

[9] Finally, we address neither the abutters' request that we rule that they have the right to refile their action in either the permit session of the Land Court or the Superior Court nor their request that we remand the case to one of those courts in the event that we reverse the judge's order. These questions are outside of the bounds of the reported question and were not made below. See <u>Spellman</u> v. <u>Shawmut Woodworking & Supply, Inc.</u>, 445 Mass. 675, 679 (2006), quoting from <u>McStowe</u> v. <u>Bornstein</u>, 377 Mass. 804, 805 n.2 (1979) ("we need not answer the reported questions 'except to the extent that it is necessary to do so in resolving the basic issue'"); <u>Atlas Tack Corp</u>. v. <u>DiMasi</u>, 37 Mass. App. Ct. 66, 70 (1994) ("Ordinarily, a party is not entitled to present an argument on appeal on an issue not presented in the court below").