EUGENE MURPHY & others *vs.* POLICE COMMISSIONER
OF BOSTON.

Suffolk.   November 5, 1975. — January 6, 1976.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Police Commissioner.   Police,* Trial board, Detectives.

Under St. 1906, c. 291, § 10, as reenacted as § 12 by St. 1962, c. 322,
§ 1, the appointment by the police commissioner of Boston of a
trial board to hear complaints against members of the police force
is discretionary, and the board's findings and suggestions are
advisory.  [471]

Members of the police force of Boston, transferred to its detective
bureau following the enactment of St. 1950, c. 735, after serving
a probationary period in the bureau and then being transferred
therefrom to the ranks held immediately prior to the date of
transfer to the bureau, have a right to appeal under c. 735, § 2,
to a trial board which the police commissioner is required to
appoint [471-472]; the plaintiffs seeking appointment of a trial
board were members "transferred" to the bureau irrespective of
whether they were assigned thereto pursuant to a collective bar-
gaining agreement [472].

PETITION for a writ of mandamus filed in the Superior
Court on May 14, 1974.

The case was heard by *Mason,* J.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Michael DeMarco* for the respondent.

*Vincent A. Harrington, Jr.,* for the petitioners.

BRAUCHER, J.   The plaintiffs are seventeen Boston
police officers.[1]   After they had served as detectives for

---

[1] The petition names seventeen, but the judge's findings and both
briefs refer to sixteen without disclosing which one has ceased to be a
party.

more than six months, they were reassigned to the civil service ranks held by them immediately prior to their transfers to the detective bureau. They claim a right to appeal to a trial board under St. 1950, c. 735, § 2.[2] A judge of the Superior Court upheld their claim and judgment was entered directing the appointment of a trial board. We affirm the judgment.

We summarize the judge's "Findings, Rulings, and Order for Judgment." The reassignments took effect on February 27, 1974. On April 2, 1974, the Boston Police Patrolmen's Association, Inc., on behalf of two of the plaintiffs who were union representatives, sought arbitration under the collective bargaining agreement between the city and the association; the grievance claimed was that the two had been reassigned because of their affiliation with the association. On April 11, 1974, the plaintiffs requested the defendant to convene a trial board under St. 1950, c. 735, § 2. That request was denied on May 6, 1974, on the ground that the reassignments were not the result of any misconduct or complaints against the plaintiffs.

The judge ruled that the appointment or convening of a trial board under St. 1950, c. 735, § 2, is not a matter of discretion but is mandatory. He also ruled that arbitration is available under the collective bargaining agreement only when it is alleged that the transfer or reassignment is for the purpose of discriminating against the officer or member for lawfully exercising his union bargaining rights or engaging in union activities, and that

_____

[2] ". . . A member hereafter transferred to said bureau after he shall have served . . . [six months] . . . may be transferred from said bureau to the rank held by him immediately prior to the date of his transfer to the detective bureau . . . but he shall have a right of appeal to the trial board appointed under the provisions of chapter two hundred and ninety-one of the acts of nineteen hundred and six, which shall have the power to hear and determine such appeal and the provisions of said chapter thirty-one shall in no way be applicable to said hearing and determination made thereunder. The decision of such trial board shall be final."

arbitration was not available to any of the plaintiffs other than the two for whom grievances had been filed. The defendant commissioner appealed.

1. *The function of the trial board.* Authority to appoint a trial board was given to the police commissioner of Boston by St. 1906, c. 291, § 10. The board was "to act only upon such complaints as the commissioner deems it advisable to refer to it." It was "a tribunal appointed to relieve the police commissioner by hearing the evidence and finding the facts in such cases as he thinks it best to refer to it." *Welch* v. *O'Meara,* 195 Mass. 541, 542 (1907). No substantial change was made in this respect when § 10 was reenacted as § 12 by St. 1962, c. 322, § 1. Thus, as the commissioner contends, the convening of a board and the referral of a complaint to it are discretionary under those statutes. Moreover, the findings and suggestions of the board in such cases are advisory.

But St. 1950, c. 735, § 2, confers on the board an independent function, "to hear and determine" appeals by detectives transferred like the plaintiffs. Its decision "shall be final." This is not the language of discretion, and there is nothing in the 1962 amendment to suggest its repeal. The commissioner argues that appeals under the 1950 statute should be limited to complaints of misconduct againt police officers. Here, he says, there was a personnel order based on considerations of efficiency, and his authority to organize and reorganize the police department should not be subordinated to the authority of a board of three police captains. But we agree with the judge that the 1950 statute is specific and clear. If it is unwise, it is not for us to say so; the remedy lies with the Legislature.

2. *Arbitration.* The judge ruled that the arbitration clause in the collective bargaining agreement did not apply to the plaintiffs' transfers except to the extent that there was a claim of discrimination because of union activity. The commissioner claims that work assignments

were subject to arbitration generally and that the plaintiffs should have exhausted their contractual remedies before seeking judicial remedies. The record before us does not include the entire agreement, and we are therefore not in a position to review the judge's interpretation. We intimate no view as to the suggested exhaustion requirement. Cf. G. L. c. 150E, § 7; *Dedham* v. *Labor Relations Comm'n,* 365 Mass. 392, 406 (1974).

3. *Scope of the 1950 statute.* The commissioner argues that the provisions of the 1950 statute on reassignment apply only to officers assigned as detectives under that statute and that the plaintiffs were assigned under the collective bargaining agreement rather than under the statute. We do not find the statute so limited. Referring to "members of the detective bureau," the operative provisions begin, "A member hereafter transferred to said bureau . . . ." The plaintiffs were such members.

*Judgment affirmed.*