OWEN MCCANTS *vs.* CLERK OF SUFFOLK SUPERIOR COURT FOR CRIMINAL BUSINESS. May 14, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Moot Question. Practice, Civil,* Moot case.

Owen McCants appeals from a judgment of a single justice of this court dismissing as moot his petition for a writ of mandamus and for a declaratory judgment. We affirm.

A Superior Court jury convicted McCants of several crimes, and the Appeals Court affirmed the convictions. See *Commonwealth* v. *McCants*, 65 Mass. App. Ct. 1121 (2006). McCants thereafter filed a motion for a new trial, which was denied. He then filed a notice of appeal, the record was assembled, and the appeal was entered in the Appeals Court, where it remains pending. Then, in April, 2012, he filed a petition in the county court, asserting that the trial court clerk's office had failed to docket several pleadings that he had filed in that court in connection with the motion for a new trial. In response, the respondent submitted a letter to the county court indicating that the clerk's office had updated the docket to include the pleadings in question and that the entire record, including those pleadings, had been assembled and forwarded to the Appeals Court. On the basis that McCants had received the relief that he was seeking — the docketing of his pleadings in the trial court — the single justice dismissed the petition as moot.

In his appeal from the dismissal of his petition McCants argues that the matter is not moot because the respondent failed to file a timely response to his petition and that she therefore "waived" her right to respond. Regardless whether the respondent's letter was timely, it was within the court's discretion to accept it for filing on the date that it was received. As indicated in the letter and reflected in the trial court docket, the pleadings that McCants sought to have docketed had by that time been docketed, apparently in response to Mc-Cants's petition in the county court. Nowhere in the record or in McCants's appeal to this court does McCants dispute that the pleadings in question have

been docketed and included in the record assembled for his appeal from the denial of his motion for a new trial.

To the extent that McCants also argues, in his appeal to this court, that the single justice erred because he failed to "declar[e] the issue at law" — that is, that the trial court clerk violated her duty in failing to docket McCants's pleadings — there is no need for any such declaration. The single justice did not err in concluding that the issue is moot because the pleadings have been docketed.

*Judgment of dismissal affirmed.*

The case was submitted on briefs.

*Owen McCants*, pro se.

*Annette C. Benedetto*, Assistant Attorney General, for the respondent.