NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1067                                          Appeals Court

B.C.  <u>vs</u>.  F.C.

No. 15-P-1067.

Norfolk.     June 2, 2016. - September 23, 2016.

Present:  Kafker, C.J., Hanlon, & Neyman, JJ.

<u>Abuse Prevention</u>.   <u>Domestic Violence Record Keeping System</u>.

<u>C</u><u>omplaint</u> for protection from abuse filed in the Norfolk
Division of the Probate and Family Court Department on July 8,
2011.

A motion to expunge the record, filed on March 5, 2015, was
heard by <u>George F. Phelan</u>, J., and questions of law were
reported by him.

<u>Natalie L. Lorenti</u>, Special Assistant Attorney General
(<u>Sarah M. Joss</u> with her) for Commissioner of Probation.
<u>Scott C. Gladstone</u> for B.C. & another.

HANLON, J.  We are asked by a judge of the Probate and

Family Court to answer two questions of law, reported under rule

5 of the Massachusetts Rules of Appellate Procedure,[1] as amended,

_____

[1] "A report of a case for determination by an appellate
court shall be for all purposes under these rules taken as the
equivalent of a notice of appeal.  Whenever a case or any part
of it is reported after decision or verdict, the aggrieved party

378 Mass. 930 (1979), regarding the inherent authority of a trial judge to order the expungement of an abuse prevention order issued pursuant to G. L. c. 209A (order) from the Statewide domestic violence registry system (registry), and to clarify the type of fraud on the court that would warrant expungement.  The case was reported after a final disposition in the trial court,[2] and therefore, we consider the report equivalent to a notice of appeal and proceed under our standard appellate procedure; we accept the judge's designation of the Commissioner of Probation (commissioner) as the appellant.[3]  See Mass.R.A.P. 5.[4]

Here, although the judge ordered expungement, he did not find by clear and convincing evidence that the order was

---

(as designated by the lower court) shall be treated as the appellant."  Mass.R.A.P. 5, as amended, 378 Mass. 930 (1979).  See Reporters' Notes to Rule 5, Mass. Ann. Laws Court Rules, Rules of Appellate Procedure, at 22 (LexisNexis 2015) (rule 5 to be read in conjunction with Mass.R.Civ.P. 64, as amended, 423 Mass. 1410 [1996]).

[2] In a report dated June 10, 2015, after ordering the abuse prevention order expunged, the judge stayed his order for the purpose of reporting two questions of law to this court.

[3] The parties below appear here jointly as appellees.

[4] Although a judge may report specific questions of law under rule 5, the issue before us is the propriety of the judge's ruling.  The reported questions need not be answered except to the extent necessary to resolve any issue presented by the ruling.  See Commonwealth v. Markvart, 437 Mass. 331, 333 (2002) (pending action stayed in order to report questions based on interlocutory order).

obtained through a fraud on the court.  For this reason, he lacked the authority to override the statutory requirement that a computerized record of any abuse prevention order be maintained in the registry.  See Silva v. Carmel, 468 Mass. 18, 24-25 (2014); Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006); Quinn v. Gjoni, 89 Mass. App. Ct. 408, 414, n.14 (2016).  As a result, the judge's order to expunge the order from the registry must be vacated.

Background.  The judge found the following facts, which the parties do not challenge.[5]  On July 8, 2011, the order was issued after the judge found the plaintiff credible based on the "complaint, her affidavit, and her testimony under oath."[6]  At

---

[5] The record appendix contains only the judge's memorandum and order on a joint motion to expunge the order, notice of the rule 5 report of questions of law, and papers relating to case impoundment.  Specifically, none of the underlying exhibits is in the record appendix.  See Mass.R.A.P. 18(e), as appearing in 428 Mass. 1601 (1998).

[6] The judge's memorandum details the following.  "On July 8, 2011 the Court considered the following from Plaintiff's affidavit:  '[The defendant] has been abusive towards me throughout the marriage, he has threatened to kill me, he has threatened to kill himself, and he has been abusive towards the children.  In April 2011 he said to me "you have been very unpleasant lately and you're not there for me, maybe I'll just kill you."  On several occasions he has also cut out and presented articles to me about men who kill their wives and children.  [The defendant] has threatened suicide on a number of occasions throughout the marriage.  On or about a Tuesday night in May of 2011, he threatened to commit suicide and leave the kids a note saying it was all my fault.  On other occasions when he threatened suicide, he has threatened to cancel his life insurance policy and then kill himself.'  Plaintiff also alleged

the hearing after notice held on July 14, 2011, neither party appeared in person, but each was separately represented by counsel.[7]  At that time, plaintiff's counsel informed the judge that she was not seeking to extend the order, and it was terminated at that time.  Four years later, on March 5, 2015,[8] the plaintiff and the defendant jointly presented a motion seeking to have the order expunged from the registry, which is maintained by the commissioner.

In support of the motion to expunge, the plaintiff apparently submitted an affidavit and a memorandum of law asserting "that her psychosis-induced fictitious information [included in the complaint and affidavit filed in support of her application for the order] was tantamount to constructive fraud"; she claimed that other than her name, the names of her family members, and the date of marriage, "all else of substance in her affidavit of July 8, 2011 never happened."[9]  The plaintiff

that the husband had walked around naked in front of the children, that his behavior had become worse, and he was violently throwing things around the house including a pizza."

[7] The parties to the order were, at the time of issue, husband and wife.

[8] The judge's findings state that the hearing on the joint motion to expunge occurred on March 5, but the parties indicate in their respective briefs that the hearing was held on March 13, 2015.

[9] None of the transcripts from any hearing pertaining to the order was included in the record appendix.  See Mass.R.A.P. 18(e).

included as an exhibit a discharge summary of her inpatient psychiatric hospitalization from July 13 through 27, 2011. The defendant also submitted an affidavit in support of the motion. In response to the motion, the commissioner submitted a memorandum of law but took no position on the expungement request.

In a decision dated June 10, 2015, the judge stated that he found credible the plaintiff's testimony that "during the 2011 ex parte restraining order hearing she had internalized and distorted domestic violence scenarios she had come across in her practice as a family law attorney"; the judge also found credible her representation that nothing relating to abuse in the plaintiff's July 8, 2011, affidavit in support of her application for the order, or testimony at the ex parte hearing, was accurate or based in fact. He credited the details of the hospital discharge summary describing the plaintiff's symptoms upon admission, along with her medication, treatment, and diagnosis on discharge.

In ruling that the order should be expunged, the judge reasoned that the equitable nature of abuse prevention orders required relief when it was no longer just for the judgment to have "prospective application"; he opined that "[w]hen the genesis of the complaint is fantasy, the result infects the entire court process. Not to treat and undo that infection

causes not only disrespect to the process but subjects the courts to scorn."  He further stated that a "strict application of the line of cases which require[s] that a fraud be sentiently set in motion by a malicious actor for nefarious purpose would unfairly exclude the parties in this case from the tiny universe of those for which expungement has so far been available.  It is the fraudulent effect, not the person who puts the effect into motion, against which the Court must protect."

Ultimately, the judge ordered that, "[g]iven clear and convincing evidence in the factual record of a fraudulent outcome perpetrated by a Plaintiff suffering a psychotic episode with delusions, and in order to protect the integrity of the Court, law enforcement decision-making and the rights of legitimate domestic abuse victims, where there is no benefit to courts or law enforcement to keep a fantastical 209A record, [and]where the harm to the defendant is overwhelming, it is fair and sensible that the Court invoke its inherent authority to expunge the record of the parties' 209A order from the statewide domestic violence registry system."  He then stayed his expungement order in order to report to this court two questions of law.[10]

---

[10] "Question of Law #1:  Given the procurement of a 209A restraining order based on fantastical representations from a plaintiff then suffering a psychotic episode with delusions, may the trial court invoke its inherent authority to expunge the

Discussion. Both the parties to the order (i.e., the appellees) and the judge ask us to expand the holding of Adams, 65 Mass. App. Ct. at 737. We decline to do so for the following reasons.

It is well established that a judge possesses "inherent powers . . . to preserve the court's authority to accomplish justice." Wong v. Luu, 472 Mass. 208, 218 (2015). See Blankenburg v. Commonwealth, 260 Mass. 369, 373 (1927); Opinion of the Justices, 279 Mass. 607, 613 (1932). This is especially true when a judge's action is obtained through the commission of fraud on the court. "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Adams, supra at 729-730. "When faced with a finding of fraud on the court, '[t]he judge has broad discretion

---

record where the outcome, not the plaintiff, constitutes the fraud on the Court?

"Question of Law #2: To warrant expungement of a 209A restraining order on the basis of fraud, must the fraud have been sentiently set in motion by a plaintiff suffering delusions and psychosis but who has not previously been determined to be incompetent?"

to fashion a judicial response warranted by the fraudulent conduct.'" Id. at 731.

However, the judge's discretion in the area of the registry is narrowly limited. In Vaccaro v. Vaccaro, 425 Mass. 153, 155 (1997), the court noted, "the Legislature authorized and directed the Commissioner of Probation (commissioner) to develop and implement the system, which is to contain a computerized record of the issuance and violation of any restraining or protective order." See G. L. c. 209A, § 7.[11] There is nothing included in the language of the statute, or in the 1992 amendment creating the registry, "that permits a record to be removed or that authorizes the entry of a judicial order directing expungement of a record from the" registry. Vaccaro, supra at 156.

"[T]he absence of any provision for removal or authority for expungement . . . reflects a deliberate legislative decision that all records be available for review by a judge who is considering an application for a restraining or protective order and by other authorized agencies that have a legitimate need to

---

[11] General Laws c. 209A, § 7, also details a procedure, when an order is vacated, for notice to law enforcement agencies directing the agencies to destroy all records of the vacated order.

see the record."[12]  Id. at 157.  "Because all restraining and protective orders are listed, both active and inactive, a judge may be better able to identify situations in which the plaintiff 'may face a particularly heightened degree of danger.'"  Ibid. (citation omitted).  Under Vaccaro, therefore, the power to order expungement of such a record would be inconsistent with the manifest purpose of G. L. c. 209A.

There is, however, a narrow exception to this rule. "[W]hen a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct."  Adams, 65 Mass. App. Ct. at 730 (citation omitted).  In this case, the plaintiff now claims that, at the time she filed her complaint and affidavit of abuse, she was experiencing a psychotic episode and unknowingly provided false facts in those papers and during the ex parte hearing at which the order was issued.  She then declined, through counsel, to extend the order, which was

---

[12] The Legislature has enacted a statute similarly restricting a judge's authority to order expungement of records with regard to criminal cases.  G. L. c. 276, § 100C.  In criminal cases where a nolle prosequi or a dismissal has been entered, a judge's sole remedy is to order the case sealed where justice would best be served to protect the confidentiality of records of the crime charged, eliminating a judge's equitable authority to expunge court or probation records.  See Commonwealth v. Moe, 463 Mass. 370, 372-373 (2012).  See also Commonwealth v. Gavin G., 437 Mass. 470, 473-475 (2002).

subsequently vacated.  Unlike the plaintiff in Adams, nothing in this plaintiff's behavior is indicative of a conscious fabrication of abuse, nor did she perjure herself throughout the proceedings as a "larger pattern of harassment" or an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter."  Id. at 729, 730.

The plaintiff and the defendant ask this court to expand the holding in Adams to include the order at issue here, where, they argue, the fraud on the court is the "consequence of fantastical representations from a plaintiff then suffering a psychotic episode with delusions."  The judge contends a judge's power to order expungement of a record from the registry should not be "limited to lying litigants" but should be expanded to include orders obtained by a "paranoid and delusional complainant" when the interest of the government to maintain a record of the order outweighs the harms suffered by the defendant against whom the order was issued.

There are strong policy reasons, described by the Supreme Judicial Court in Vaccaro and subsequent cases, for the registry established by the Legislature.  See Vaccaro, 425 Mass. at 157.  See also Allen v. Allen, 89 Mass. App. Ct. 403, 406 (2016); M.C.D. v. D.E.D., 90 Mass. App. Ct.    (2016).  Specifically, in alleged abuse cases, it is crucial that judges and law

enforcement officials have as much information as possible, including "all orders, inactive as well as active" to determine potential dangerousness.[13] Vaccaro, supra.

Having this in mind, we are not persuaded that this court should carve a broader exception. As a result, because the judge did not find by clear and convincing evidence that the plaintiff obtained the order by perpetrating a fraud on the court, we conclude he did not have the authority to order expungement of the record from the registry. See Silva, 468 Mass. at 24-25.

Conclusion.[14] The order of the Probate and Family Court entered on June 10, 2015, allowing the joint motion to expunge is vacated, and a new order is to enter denying the motion.

So ordered.

---

[13] Judges and other court officials authorized to make bail and release decisions in criminal cases are required by statute to consider whether the person has any history of orders issued against him pursuant to G. L. c. 209A when making that determination, see G. L. c. 276, § 57, particularly in so-called dangerousness hearings, see G. L. c. 276, § 58A.

[14] The parties alternatively argue that the judge has the equitable power to order expungement under inherent powers expressed in Mass.R.Dom.Rel.P. 60(b) (identical to Mass.R.Civ.P. 60[b], 365 Mass. 828 [1974]). This argument fails, as the final judgment (the order) was vacated at the hearing after notice, thus granting the defendant the relief he sought. The constitutional due process argument raised by the parties also fails. First, there is no mention in the judge's findings regarding this argument having been raised below, and second, the sparseness of the record appendix makes the evaluation of this claim speculative at best. Compare Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 428-429 (2005).