The defendant appeals from an order denying his motion to expunge an abuse prevention order issued pursuant to G. L. c. 209A (209A order). We affirm.
Background. On October 8, 2015, the plaintiff obtained the ex parte 209A order, which required that the defendant refrain from abusing the plaintiff, who is his daughter. The 209A order was set to expire on October 16, 2015, at 4:00 P.M. ; an extension hearing was held on that day, at which both parties were present. After hearing testimony from both the plaintiff and the defendant, the judge found that there was insufficient evidence to conclude that the 209A order should be extended and allowed the ex parte order to expire at 4:00 P.M. on that date.
On October 5, 2016, the defendant moved to have the 209A order expunged on the basis that his daughter proffered false testimony at the 209A order hearings. During a hearing on the expungement motion, the defendant stated that the 209A order on his criminal offender record information has prevented him from obtaining custody of his grandson from the Department of Children and Families. The judge explained the difference between expunging a record and the expiration of an order. The defendant's motion was subsequently denied.
Discussion. The defendant argues that he is entitled to have the 209A order expunged on the basis that his daughter perpetrated fraud on the court by making false statements during the 209A order hearings.
It is well settled that a record of an abuse prevention order issued pursuant to G. L. c. 209A generally cannot be expunged via judicial order. See Vaccaro v. Vaccaro, 425 Mass. 153, 156-157 (1997) ; Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 728 (2006) ; B.C. v. F.C., 90 Mass. App. Ct. 345, 349 (2016). A narrow exception to this rule allows for judicial expungement "in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court." Adams, supra at 737. A false allegation of abuse or false testimony alone is insufficient to constitute fraud on the court absent a showing that it contributed to a " 'larger pattern of harassment' or an 'unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter.' " M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 342 (2016), quoting from Adams, supra at 729, 730. See Wojcicki v. Caragher, 447 Mass. 200, 210 (2006).
Here, no finding was made that the plaintiff's testimony was false, and the fact that the 209A order was not extended does not support an inference that her testimony was in any way dishonest based on the circumstances presented in this case. We note that the defendant presented evidence of inconsistencies in the plaintiff's narrative. Even assuming that the plaintiff was untruthful in court in obtaining the 209A order, that fact, without more, does not constitute fraud on the court. We are mindful of the defendant's frustration and appreciate his cogent oral argument. However, the current law does not authorize an order of expungement in these circumstances. "If it is unwise, it is not for us to say so; the remedy lies with the Legislature." Murphy v. Police Commr. of Boston, 369 Mass. 469, 471 (1976). See Commonwealth v. Vickey, 381 Mass. 762, 767 (1980) ("[W]hen the statute appears not to provide for an eventuality, there is no justification for judicial legislation").
Based on the foregoing, the defendant's motion to expunge the 209A order was properly denied.
Order denying motion for expungement affirmed.