NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

21-P-1031                                           Appeals Court

XARAX X. vs. YALE Y.[1]


No. 21-P-1031.

Middlesex.     November 29, 2022. – June 8, 2023.

Present: Meade, Singh, & D'Angelo, JJ.


Abuse Prevention. Protective Order. Due Process of Law, Abuse
    prevention. Domestic Violence Record Keeping System.
    Expungement. Fraud. Moot Question.



    Complaint for protection from abuse filed in the Somerville
Division of the District Court Department on January 30, 2001.

    A motion to correct and expunge a restraining order, filed
on December 30, 2020, was heard by William M. Fitzpatrick, J.


    Yale Y., pro se.
    Arthur J. Czugh for Massachusetts Probation Service.


    SINGH, J. The defendant appeals from a District Court

judge's denial of his motion to correct and expunge a vacated

abuse prevention order from the Statewide domestic violence

_____

    [1] We use pseudonyms for the parties' names.

record-keeping system (DVRS) maintained by the Commissioner of Probation.[2]  The Massachusetts Probation Service (probation) responded to the defendant's motion as keeper of the record.[3]  We dismiss as moot the appeal from so much of the order that declines to correct the record, and we affirm the order denying the motion for expungement.

Background.  In January 2001, the plaintiff sought an abuse prevention order against the defendant, with whom she had been in a dating relationship.  The plaintiff alleged in her complaint and affidavit that the defendant, who was then incarcerated, had been making numerous unwanted calls to her -- at both her work and her home, that he had sent a threatening letter to one of her coworkers in an effort to stop a potential dating relationship, and that the defendant had physically and mentally abused her in the past.  She claimed to be "in fear of imminent serious physical harm."  The District Court granted an ex parte G. L. c. 209A protective order (209A order), which was then extended for one year on February 7, 2001, at a hearing

---

[2] The plaintiff did not participate in this appeal.

[3] Acknowledging that "the [Department of Probation (department)] has a cognizable interest because of the duties imposed on the Commissioner of Probation by St. 1992, c. 188, § 7," the Supreme Judicial Court has treated the department as a party in an expungement matter despite its "failure to file a formal motion to intervene."  Vaccaro v. Vaccaro, 425 Mass. 153, 153 n.1 (1997).  We do the same.

that was not attended by the defendant. The court served the defendant with notice of the order on February 13, 2001, well after the hearing. The defendant appealed. The order was later extended again for one year in both 2002 and 2003, again without the presence of the defendant.[4]

In an unpublished memorandum and order, a panel of this court vacated the underlying order and its extensions because of deficiencies in both the evidentiary support for the order as well as due process. Although the District Court docket thereafter reflected that the abuse prevention order had been vacated, the DVRS simply reflected that the order was "closed."

In 2019, in conjunction with the defendant's evaluation at the Massachusetts Treatment Center (treatment center), a therapist noted on the defendant's "comprehensive sexual offense assessment and treatment evaluation," the existence of the

---

[4] After receiving the first post-hearing notice of the order, the defendant attempted to appear in court for the later hearings by requesting a writ of habeas corpus, but each request was denied. See M.M. v. Doucette, 92 Mass. App. Ct. 32, 38 (2017), quoting Guidelines for Judicial Practice: Abuse Prevention Proceedings § 4:07 commentary (Sept. 2011) ("[i]ncarcerated defendants have the right to be heard on a requested extension of the ex parte order at a hearing after notice. The court should take steps to inform them of this right and to secure their presence in court if requested to do so"). See also Commonwealth v. Delaney, 425 Mass. 587, 591 n.7 (1997), cert. denied, 522 U.S. 1058 (1998) ("It is clear that '[d]ue process requires that no [extended abuse prevention] order be issued against a person without prior notice and the opportunity to be heard'" [citation omitted]).

restraining orders at issue in this case and indicated that although the clerk of this court had documented that the restraining orders had been vacated on September 9, 2003, a recent probation record "still reflects this restraining order."[5] Additionally, in 2020, the parole board provided a "commitment summary" that appears to reference the vacated restraining order as one of four "expired 209A [orders]."

Subsequently, in December 2020, the defendant filed his motion to correct, and then expunge the restraining orders from the DVRS, arguing that he was harmed by the incorrect notation of "closed" rather than "vacated" in the DVRS.  Probation took no position on whether the motion to expunge should be allowed, but filed a memorandum contending that the defendant had made no showing of the fraud upon the court necessary to obtain the relief of expungement.[6]  The judge adopted probation's analysis and denied the motion.[7]  The defendant brought this appeal.

---

[5] The evaluation further noted that the defendant also had three restraining orders issued against him in 1993, 1994, and 1995, for the benefit of a different plaintiff.

[6] In a separate letter, probation explained that there was, at that time, no available status code of "vacated" within its computerized record-keeping system, such that the defendant's record could not be corrected.

[7] The judge did not separately discuss the motion to correct.

Discussion.  1.  Motion to correct.  On appeal, the defendant recognizes that probation is charged with maintaining the DVRS, which includes records of even vacated orders, see Vaccaro v. Vaccaro, 425 Mass. 153, 156 (1997), and that, to this point, expungement of information from the DVRS has only been available in the "rare and limited" circumstance of fraud upon the court.  See Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006).  His argument, however, is that if probation cannot maintain accurate information, his only redress for the harm he suffers, and may continue to suffer, is expungement of the inaccurate information.

In July 2022, after the parties filed their briefs in this appeal, probation, the Department of Criminal Justice Information Services, and the Trial Court's Judicial Information Services Division introduced three new status code options to the DVRS:  "closed-denied," "closed-expired," and "closed-vacated."  After the implementation of this update, the entries relating to the defendant's order stated "closed-vacated."  Thus, the status of the defendant's vacated order has been corrected on the DVRS.

The defendant's appeal of the denial of his motion to correct is now moot because he has "obtained all the relief to which he could be entitled."  Quinn v. Gjoni, 89 Mass. App. Ct. 408, 414 (2016).  See Lynn v. Murrell, 489 Mass. 579, 583 (2022)

(where a court's ruling "would offer no additional relief and would not alter either party's legal position," appeal is moot); Lawyers' Comm. For Civ. Rights & Economic Justice v. Court Adm'r of the Trial Court, 478 Mass. 1010, 1011 (2017) (where "no further effective relief can be granted," petition is moot); McCants v. Clerk of Suffolk Superior Court for Criminal Business, 465 Mass. 1007, 1007-1008 (2013) (where petitioner received relief sought, petition properly dismissed as moot); Layne v. Superintendent, Mass. Correctional Inst., Cedar Junction, 406 Mass. 156, 160 (1989) (where alleged constitutional violations had been cured by time plaintiffs sought to present case on merits, matter was moot as to any continuing wrong).[8]

2. Motion to expunge. In 1992, the Legislature, by St. 1992, c. 188, § 7, directed the Commissioner of Probation to

---

[8] At oral argument, the defendant raised another issue with regard to a support payment order, listed under a separate 209A order involving a different individual, which is not before us on appeal. In his original motion, in a final parenthetical, the defendant first raised an issue with regard to this separate order, stating that "there was only one (1) restraining order issued . . . and yearly extensions, not separate orders." As stated, neither of these issues pertains to the 209A order -- or even to the same plaintiff -- before us currently. Therefore, the defendant's contentions do not rise to the level of appellate argument we need consider. See Commonwealth v. Norman, 87 Mass. App. Ct. 344, 347 n.6 (2015) (single unsupported sentence in appellant's brief "does not rise to appellate argument that we need consider").

create and maintain a computerized Statewide domestic violence record-keeping system for all restraining orders.  In Vaccaro, 425 Mass. at 156, the Supreme Judicial Court held that "[t]here is nothing in St. 1992, c. 188, § 7, or in G. L. c. 209A, that permits a record to be removed or that authorizes the entry of a judicial order directing expungement of a record from the system."  See M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 343 (2016).  As the court noted in Vaccaro, "the absence of any provision for removal or authority for expungement . . . reflects a deliberate legislative decision that all records be available for review by a judge who is considering an application for a restraining or protective order and by other authorized agencies that have a legitimate need to see the record."  Vaccaro, supra at 157.  Cf. Matter of Expungement, 489 Mass. 67, 74-76 (2022) (judge had no discretion to expunge criminal record in "interests of justice," where statute did not provide such authority).

The court reasoned in Vaccaro that, in alleged abuse cases, it is crucial that judges and law enforcement officials have as much information as possible, including "all orders, inactive as well as active" to determine potential dangerousness.  Vaccaro, supra at 157.  "Because a fair proportion of such vacated orders may include a high level of abuse, inclusion of vacated orders in the system can provide meaningful information,

notwithstanding their inactive status and regardless of the reason for termination."  Id. at 158 n.5.  Such is the case here, where the allegations, while not considered immediately threatening under the statute, could nonetheless provide such meaningful information as the DVRS was designed to make available.

That the instant order was vacated by this court, indicating that the order never should have issued in the first place, is of no consequence.  In Silva v. Carmel, 468 Mass. 18, 24-25 (2014), the Supreme Judicial Court denied the defendant's request for expungement, even though the initial ex parte order should not have issued because the parties were not household members.  See Allen v. Allen, 89 Mass. App. Ct. 403, 406-407 (2016) (where ex parte order was terminated by subsequent order after notice, appeal of ex parte order dismissed as moot because defendant would not be entitled to any further relief, specifically expungement, even after successful appeal).  Likewise, in B.C. v. F.C., 90 Mass. App. Ct. 345, 350-351 (2016), where both parties jointly requested expungement where they agreed that the order was premised on "fantastical representations from a plaintiff then suffering a psychotic episode with delusions," expungement was not an available remedy.  Cf. Commonwealth v. Boe, 456 Mass. 337, 339 (2010) (court had no inherent power to expunge criminal record, even

where Commonwealth and defendant jointly moved for expungement on basis that "the complaint should not have issued in the first instance").

As noted above, a narrow exception to this rule allows for judicial expungement "in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court." Adams, 65 Mass. App. Ct. at 737. See M.C.D., 90 Mass. App. Ct. at 342, quoting Adams, supra at 729-730 (false allegation of abuse or false testimony alone insufficient to constitute fraud on court absent showing that it contributed to "'larger pattern of harassment' or 'unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter'"). The defendant acknowledges in his brief that the judge correctly concluded that the defendant did not present any evidence that the plaintiff's application for the 209A order (i) contained anything untruthful or (ii) that the order was the product of "fraud or a deceptive scheme." The defendant conceded that he cannot meet the standard for this narrow exception.

Pivoting away from any claim based on fraud, the defendant instead claims that he has been prejudiced by the inaccurate information in the DVRS. He contends that the treatment center therapists at Bridgewater State Hospital and the parole board

have used the vacated 209A orders against him in their assessment and evaluation of him. The record on appeal, however, does not bear out this claim.[9] In any event, the previous designation of the orders as "closed" has been changed to "vacated." Going forward, law enforcement and judges will view accurate information regarding the status of the abuse prevention order. Contrast Adams, 65 Mass. App. Ct. at 735 (court noted that failure to expunge order obtained through fraud on court would result in "incorrect information" being provided to law enforcement). Cf. Boe, 456 Mass. at 348 (that defendant "should not have been charged with a crime in the first place does not render the information in the record [showing that a complaint issued but was ultimately dismissed] inaccurate or misleading").

In the circumstances of this case, the current law does not authorize an order of expungement. "If [that] is unwise, it is not for us to say so; the remedy lies with the Legislature." Murphy v. Police Comm'r of Boston, 369 Mass. 469, 471 (1976). See Commonwealth v. Vickey, 381 Mass. 762, 767 (1980) ("[W]hen

---

[9] A Department of Correction file, which was part of the therapists' assessment, indicates that the order at issue was vacated. The parole board record provided by the defendant mentions four "expired 209A[s]," but a large portion of the document is obscured and text is blocked which prevents any determination of whether the 209A orders caused the defendant any harm.

the statute appears not to provide for an eventuality, there is no justification for judicial legislation").

Insofar as the appeal seeks review of the order on the motion to correct, it is dismissed as moot; insofar as it seeks review of the order on the motion to expunge, the order is affirmed.

<u>So ordered</u>.

D'ANGELO, J. (concurring).  I concur with the majority that G. L. c. 209A and St. 1992, c. 188, § 7, presently do not authorize expungement of an order entered into the Statewide domestic violence record-keeping system (DVRS) in the circumstances presented.[1]  I write separately because I do not believe that an order which has been vacated by an appellate court because there was insufficient evidence for it to ever have been issued "provide[s] meaningful information" to judges or law enforcement personnel.[2]  Vaccaro v. Vaccaro, 425 Mass. 153, 158 n.5 (1997).  For this reason, I urge the Legislature to amend the statutory scheme to authorize automatic expungement from the DVRS when an appellate court finds that there was insufficient evidence for the order to ever have been issued so that restraining orders issued in error are never used against a

_____

[1] As the majority notes, this court created a judicial exception, despite there being no statutory reference, in the narrow circumstance where the defendant demonstrates that the plaintiff perpetrated fraud on the court in obtaining the G. L. c. 209A protective order.  See Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006).

[2] Here, the order was not vacated due to a mere procedural defect; this court held that there was an absence of evidentiary support in addition to due process violations.  Cf. Silva v. Carmel, 468 Mass. 18, 24 n.9 (2014) (court never reached issue whether there was sufficient evidence for issuance of restraining order).

defendant in any way whatsoever, aligning with the purpose of the statute and supporting the fair administration of justice.[3]

General Laws c. 209A lays out the civil proceedings by which a plaintiff may obtain an abuse prevention order, commonly referred to as a restraining order.  See Commonwealth v. Dufresne, 489 Mass. 195, 197-198 (2022).  After the plaintiff files a civil complaint and a supportive affidavit, a judge holds a hearing, may obtain additional evidence from the plaintiff, and then grants or denies the request for a restraining order.  The judge may issue an ex parte restraining order and schedule a two-party hearing within ten business days or the judge may deny the plaintiff's request and not issue an ex parte restraining order.  See G. L. c. 209A, § 4.  When a judge denies the request for an ex parte restraining order, nothing ever appears in the DVRS.  On the other hand, if the judge does issue an ex parte restraining order, the fact that an order has issued is entered into the DVRS and is forevermore available to judges and law enforcement.  See Vaccaro, 425 Mass. at 155-156 & n.3.

---

[3] Section 7 of St. 1992, c. 188, also requires that the information contained in the DVRS "be made available to law enforcement agencies through the criminal justice information system maintained by the executive office of public safety." Accordingly, amendment of the statutory scheme also should authorize automatic expungement from the criminal justice information system where an abuse prevention order has been vacated due to insufficient evidence.

At the two-party hearing, a judge may extend the previously issued ex parte restraining order for a period not to exceed one year, or the judge may terminate the ex parte restraining order.[4] If the ex parte restraining order is terminated, the DVRS will indicate this by the code "closed-denied." If a plaintiff does not appear for the two-party hearing, the ex parte restraining order expires and the DVRS will indicate "closed-terminated."

Restraining orders "for the protection of those abused may be granted under G. L. c. 209A, §§ 3, 4, and 5, and are enforced under G. L. c. 209A, § 7. By St. 1992, c. 188, § 7, the Legislature authorized and directed the Commissioner of Probation . . . to develop and implement the [DVRS], which is to contain a computerized record of the issuance and violation of any restraining or protective order. Section 7 . . . restrict[s] access to the records in the system to judges and law enforcement agencies." Vaccaro, 425 Mass. at 155. The DVRS is a statutorily-mandated database maintained by the Commissioner of Probation and there is no statute that permits a

---

[4] Although the terminology "vacate" and "terminate" has been used interchangeably, see Quinn v. Gjoni, 89 Mass. App. Ct. 408, 414 n.13 (2016), there is a difference between an order that has been "vacated" by an appellate court and an order that has been "closed" or "terminated" in the trial court. An order that has been terminated or closed in the trial court is not a judicial finding that the initial order was improperly issued. It typically means that the initial order simply is no longer active.

record to be removed or that authorizes the entry of a judicial order directing expungement of a record from the system.  Id. at 156.  The Supreme Judicial Court has explained that "[t]he Legislature's express directive . . . that a computerized record be kept in the system of all orders, inactive as well as active, and the absence of any provision for removal or authority for expungement, reflects a deliberate legislative decision that all records be available for review" by judges and law enforcement officials.  Id. at 157.

Nevertheless, as the majority notes, this court has held that a defendant is entitled to expungement only in the narrow circumstance where the defendant demonstrates that the plaintiff perpetrated fraud on the court in obtaining the G. L. c. 209A protective order (209A order).  See Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006).  In recognizing this exception, we emphasized that "in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court," expungement was appropriate.  Id.  We justified recognizing this exception on judges' inherent power to expunge DVRS records, notwithstanding G. L. c. 209A, § 7, as long as "the government's interest in maintaining the record does not outweigh the harms suffered by the maintenance of the record."  Id. at 735.

I agree with the majority that the Legislature has not left room in the statute for judges to expunge a defendant's vacated record; the information provided in the DVRS is not technically "incorrect," like it was in Adams.  However, that the statutory scheme does not authorize expungement in this situation reveals a fundamental flaw in the scheme as it stands.  Prohibiting expungement in this case offends the rationale of G. L. c. 209A, § 7, and Vaccaro because the government's interest in maintaining a record of the defendant's 209A order does not outweigh the harm to the defendant.  The government's interest in maintaining the DVRS is "to ensure that abusers [are] easily identifiable by law enforcement officials when they either violate[] 209A orders or commit[] other crimes in the future. . . .  The Legislature specifically omitted an expungement provision in the statute because it did not want vacated 209A orders to go unnoticed. . . .  [A]lthough many 209A orders would likely be vacated, the Legislature determined that records of such orders would still provide valuable information to law enforcement officials" (emphases added).  Adams, 65 Mass. App. Ct. at 733-734.  As was stated by the Supreme Judicial Court in Vaccaro, restraining orders are often vacated, terminated, or closed "because the plaintiff has chosen not to pursue the order.  The dynamics of this choice are complex and can involve the plaintiff's self-esteem, financial and family

pressures, a desire for reconciliation, coercion, intimidation, or the heightened sense of danger that accompanies a separation. . . . Because a fair proportion of such vacated[, terminated, or closed] orders may include a high level of abuse, inclusion of vacated[, terminated, or closed] orders in the system can provide meaningful information, notwithstanding their inactive status and regardless of the reason for termination" (emphasis added). Vaccaro, 425 Mass. at 158 n.5.[5] In the situation where a prior restraining order is closed or terminated, the precepts of G. L. c. 209A, § 7, and Vaccaro are logical. There is still a benefit for judges and law enforcement to be aware of the lawfully issued orders whether they are active or not.

These "strong policy reasons" for limiting judicial expungement, B.C. v. F.C., 90 Mass. App. Ct. 345, 350 (2016), disappear, however, where the initial order was improperly issued and ultimately vacated due to insufficient evidence. There is no policy reason to distinguish between complaints for abuse prevention orders that are denied at the outset, and those that are vacated because they should have been denied at the

---

[5] It should be noted that in Vaccaro, the Supreme Judicial Court reviewed the affidavit submitted by the plaintiff and found that the information provided to the court "was sufficient to allow the court to conclude she had been placed in fear of 'imminent serious physical harm.'" Vaccaro, 425 Mass. at 154 n.2.

outset due to insufficient evidence.  In this case, the improperly issued order serves no legitimate informational purpose.  Because the order should never have issued, the existence of the vacated restraining order "is unhelpful . . . [and] impedes the fair administration of justice."  Adams, 65 Mass. App. Ct. at 736.

On the other hand, the resulting harm to the defendant in the maintenance and dissemination of the improperly issued restraining order in the DVRS and court activity record information is substantial and no different than it was in Adams.  It seems illogical that where this court has deemed that there was insufficient evidence for the order to have been issued, the court is nonetheless required by the statute to allow the collateral consequences of the record to continue to appear in the DVRS.  "[W]ithout expungement, [the defendant] will suffer from a blemish on [his] record for the rest of [his] life. . . .  The existence of a record can adversely affect [him] if [he] is involved in any future 209A proceeding . . . [or] during future bail proceedings."  Adams, 65 Mass. App. Ct. at 736.  Unlike in Adams where the potential harm was hypothetical, in this case, the defendant has had adverse consequences because of the improperly issued order remaining in the DVRS.  It has been referenced by the parole board and the

Department of Correction in decisions that have affected the defendant.

Revising the statutory scheme to allow expungement of the order from the DVRS and the criminal justice information system would remedy any harm suffered to the defendant as a result of the trial court's error. In essence, expunging the defendant's record from the DVRS and the criminal justice information system would put the defendant back into the same position he was in prior to the improperly issued restraining order. I therefore urge the Legislature to amend the statutory scheme to make clear that in the rare circumstance where an appellate court finds that a restraining order was issued in error because of insufficient evidence, expungement of the order from the DVRS and the criminal justice information system is appropriate and supports the "fair administration of justice." Adams, 65 Mass. App. Ct. at 736.