*Kevin D. Batt* for the defendant.

JOHN DURAKOWSKI *vs*. COMMONWEALTH. November 9, 2007. *Supreme Judicial Court*, Superintendence of inferior courts.

The petitioner, John Durakowski, appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. We affirm.

The petitioner filed his petition in the county court after a judge in the underlying case in the trial court denied his renewed motion for a required finding of not guilty after discharge of the jury, motion for reconsideration, and motion to have the trial judge recuse herself. Although it appears that the petitioner's "Memorandum of Law and, Record of Appendix" filed with this court is intended to be a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), he does not appear to be challenging any interlocutory ruling of the trial court. Regardless whether rule 2:21 applies, however, the petitioner has not demonstrated that he cannot otherwise obtain adequate appellate review. See *Norris* v. *Commonwealth*, 447 Mass. 1007 (2006); *Sterling* v. *Delmonico*, 443 Mass. 1018, 1019 (2005). The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John Durakowski*, pro se.

AL HAJJ MALIKI ALMAHDI *vs*. COMMONWEALTH. November 9, 2007. *Moot Question. Bail.*

Al Hajj Maliki Almahdi (defendant) appeals from a judgment of the county court denying his petition under G. L. c. 211, § 3, in which he sought bail review. The Commonwealth has moved to dismiss the appeal as moot. We agree with the Commonwealth.

After the single justice denied relief, the defendant was released on personal recognizance. The charges against him were subsequently disposed of, one by a nolle prosequi and the other by dismissal after a continuance without a finding. G. L. c. 276, § 87. This renders his claim for bail review moot. See *Allen* v. *Commonwealth*, 449 Mass. 1020, 1020 (2007), citing *LaChance* v. *Commonwealth*, 437 Mass. 1013 (2002). To the extent that the defendant claims he is entitled to compensation for time spent in confinement, that claim is not properly before us and we express no view on its merits. A proper forum for such a claim would be a civil action commenced in the trial court.

*Appeal dismissed.*

The case was submitted on briefs.

*Al Hajj Maliki Almahdi*, pro se.

*Jane Davidson Montori*, Assistant District Attorney, for the Commonwealth.