NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-643                                      Appeals Court


JULIA ALLEN  vs.  BARBARA ALLEN.


No. 15-P-643.

Suffolk.     February 24, 2016. - May 19, 2016.

Present:  Green, Wolohojian, & Henry, JJ.


Abuse Prevention.  Moot Question.  Practice, Civil, Moot case.
     Domestic Violence Record Keeping System.



     Complaint for protection from abuse filed in the Central
Division of the Boston Municipal Court Department on April 3,
2015.

     A hearing to extend an abuse prevention order was had
before Robert J. McKenna, Jr., J.


     Kathleen M. McCarthy for the defendant.


     GREEN, J.  Does an appeal lie from an ex parte abuse

prevention order issued pursuant to G. L. c. 209A, in

circumstances where the order was terminated ten days later at a

hearing after notice pursuant to c. 209A, § 4?  We conclude that

termination of the ex parte order at the hearing after notice,

accompanied by an order directing law enforcement agencies "to

destroy all record of such vacated order," renders the defendant's appeal moot.  G. L. c. 209A, § 7, as appearing in St. 1990, c. 403, § 8.  We accordingly dismiss the appeal.

Background.  On April 3, 2015, the plaintiff filed a complaint for protection from abuse pursuant to G. L. c. 209A, seeking a restraining order against the defendant (her mother).  In the affidavit filed with her complaint, the plaintiff averred that:

> "Back in 2008, I cut ties w/ her and asked her to no longer contact me.  Since then, I had to change my phone number, I've moved multiple times, had to keep an external mailbox in order to keep my residential address private, but she keeps finding me & mailing me things.  For years I've returned them to the sender.  Once I moved to Boston there was no mail until 4/3/15 when she mailed a package to my work address -- I've never given her the address, but she somehow tracked it down."

A judge of the Central Division of the Boston Municipal Court Department held a hearing that day, at which the plaintiff was the only party present and the only witness.  The colloquy at the hearing added little to the averments in the affidavit.[1]

---

[1] We quote in its entirety from the hearing transcript the exchange between the judge and the plaintiff concerning the basis for the requested restraining order:

Judge:  "Have you moved to a new address yet, ma'am?"

Plaintiff:  "Since I stopped talking with her, or since she --" . . . .

Judge:  "That's fine.  When, on, does she know where you live now?"

On the basis of the plaintiff's presentation, the judge issued an ex parte order, based on a determination "that there is a substantial likelihood of immediate danger of abuse," which ordered the defendant (i) not to abuse the plaintiff; (ii) not to contact the plaintiff, and to stay at least 150 yards from her; (iii) to immediately leave and stay away from the plaintiff's residence, "wherever that may be"; and (iv) to stay away from the plaintiff's workplace at 100 Franklin Street, Boston.[2]  On April 14, 2015, following service of the ex parte order, notice to the defendant, and a hearing at which both parties appeared, the order was terminated.

---

Plaintiff:  "She shouldn't."

Judge:  "Okay."

Plaintiff:  "She only has mailed stuff to my work address."

Judge:  "You can be seated.  Does she know your workplace, I take it, then?  All right.  What is that address, please."

Plaintiff:  "[Work address]."

Judge:  "[Work address]?  All right.  You go to school at all?"

Plaintiff:  "No."

[2] The order also directed the defendant (a resident of McLean, Virginia) to surrender to the Boston police department, or to the police officer serving the order, all guns, ammunition, gun licenses, and firearm identification cards.

Discussion.  Before undertaking an evaluation of the merits of the defendant's appeal, we must consider whether it is properly before us.  As we have observed, the ex parte order was terminated at the hearing after notice to the defendant.  Accordingly it is no longer in effect, and could for that reason alone be considered moot.  Nonetheless, many cases have recognized that abuse prevention orders may carry collateral consequences following their expiration, so the question whether the order validly issued is not moot merely because it is no longer in effect.  See, e.g., Frizado v. Frizado, 420 Mass. 592, 594 (1995); E.C.O. v. Compton, 464 Mass. 558, 561 n.12 (2013); Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998); Smith v. Jones, 67 Mass. App. Ct. 129, 133 (2006).  None of those cases, however, has addressed the precise circumstance of the present case, in which an abuse prevention order did not merely expire, but was terminated at the hearing after notice.  The question, then, is whether an abuse prevention order, issued ex parte, is itself entitled to appellate review, even if it is terminated at the hearing after notice.  For the following reasons, we conclude that it is not.

In the present case, the docket reflects that the ex parte order was terminated at the hearing after notice.  In addition, we note the statement appearing on the second page of the printed form used for the issuance of abuse prevention orders

under c. 209A, designed for use (by checking a box) in circumstances where the ex parte order is terminated rather than extended, which reads as follows:

"E.  PRIOR ORDER TERMINATED

"This Court's prior Order is terminated.  Law enforcement agencies shall destroy all records of such Order."[3,4]

Accordingly, the hearing after notice, with its resulting judicial determination that the order should be terminated and not extended, and its directive to law enforcement agencies to destroy all record of it, provided the defendant with the only relief she could obtain.  Because the defendant cannot obtain any additional relief even by means of a successful appeal, the appeal is moot.

---

[3] The defendant did not include a copy of the termination order in the appendix.  However, we may take judicial notice of court records in a related proceeding, see Jarosz v. Palmer, 436 Mass. 526, 530 (2002), and our examination of the termination order confirms that it entered using the printed form as described supra, which includes the directive that law enforcement agencies destroy all records of the ex parte order.

[4] Execution of the directive prescribed by G. L. c. 209A, § 7, whenever an abuse prevention order is vacated, that law enforcement agencies destroy all records of the order arguably eliminates at least some of the collateral consequences that have supported the argument that an appeal from an expired order is not moot, because all records of the order would be removed from the records maintained by law enforcement agencies.  See, e.g., Wooldridge v. Hickey, supra at 638.  As discussed infra, however, records of the order will be maintained in all events in the Statewide domestic violence record-keeping system.

The fact that a record of the order will remain in the Statewide domestic violence record-keeping system (DVRS) created by St. 1992, c. 188, § 7, does not suggest a different result.[5] See Vaccaro v. Vaccaro, 425 Mass. 153, 155-159 (1997). "The DVRS is a registry of sorts, established by the commissioner of probation pursuant to a statutory directive originally enacted in 1992, and includes, among others, records of the issuance of and any violations of criminal or civil restraining or protective orders. St. 1992, c. 188, § 7. Records in the DVRS are available only to law enforcement and 'judges considering petitions or complaints' for restraining and protective orders. See St. 1992, c. 188, § 7." Commonwealth v. Dossantos, 472 Mass. 74, 77-78 (2015). The record of an abuse prevention order

---

[5] The relevant part of St. 1992, c. 188, § 7, provides as follows:

"The commissioner of probation is hereby authorized and directed to develop and implement a statewide [DVRS] . . . . Said [DVRS] shall include a computerized record of the issuance of or violations of any protective orders or restraining orders issued pursuant to [G. L. c. 208, §§ 18, 34B; G. L. c. 209, § 32;] civil restraining orders or protective orders issued pursuant to [G. L. c. 209A] or any violations of [G. L. c. 209A], or [G. L. c. 209C, §§ 15, 20]. Further, said computerized [DVRS] shall include the information contained in the court activity record information system maintained by the office of said commissioner. The information contained in said [DVRS] shall be made available to judges considering petitions or complaints pursuant to [G. L. c. 208, §§ 18, 34B; G. L. c. 209, § 32; G. L. c. 209A; and G. L. c. 209C, §§ 15, 20]. Further, the information contained in said [DVRS] shall be made available to law enforcement agencies."

entered in the DVRS may be expunged only "in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court." Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006). See Smith v. Jones, 67 Mass. App. Ct. at 137-138.[6] Accordingly, a record of the order would be maintained in the DVRS even in the event of a successful appeal.

In the present case, as we have observed, the order has been terminated, and the defendant has obtained all the relief she could obtain by means of a successful appeal. The appeal accordingly is dismissed as moot.[7]

So ordered.

---

[6] We note that this court, in Smith v. Jones, undertook separate examination of both the ex parte and the extension orders, ultimately concluding that the record supported issuance of the ex parte order but not the extension order. 67 Mass. App. Ct. at 132-137. The present case stands differently, however, in that the ex parte order reviewed in Smith v. Jones was extended (albeit improvidently), not terminated, at the hearing after notice. Id. at 131-132.

[7] Were we to undertake an assessment of the merits of the defendant's appeal, it is plain that the affidavit and other evidence submitted in support of the request for the ex parte order was inadequate. The evidence showed no physical harm nor threat of serious physical harm to the plaintiff. See G. L. c. 209A, § 1 (defining abuse).