NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11760

RICARDO BARBOSA vs. COMMONWEALTH.

August 26, 2016.

Supreme Judicial Court, Superintendence of inferior courts.
     Bail.


     Ricardo Barbosa appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3, by which he sought a reduction in bail.  We affirm.

     Barbosa stands indicted on charges of rape and of being a habitual criminal.  A judge in the Superior Court set his bail at $25,000, with GPS monitoring and other conditions.[1]  Barbosa's G. L. c. 211, § 3, petition followed.  A single justice of this court denied relief without a hearing.  "This court's review of the judgment of the single justice is 'limited to correcting errors of law and abuse of discretion.'"  Leo v. Commonwealth, 442 Mass. 1025, 1026 (2004), quoting Preston v. Commonwealth, 391 Mass. 1017, 1017 (1984).  There was no error of law or abuse of discretion in this case.  The amount of bail was not excessive merely because Barbosa could not afford to post it or

_____

     [1] During the pendency of this appeal, the judge reduced Barbosa's bail to $20,000, with GPS monitoring and other conditions.  The Commonwealth suggests that this renders this appeal moot.  We disagree, as Barbosa has sought not merely a $5,000 reduction in the amount of bail, but to be released on his own recognizance.  In Al Hajj Maliki Almahdi v. Commonwealth, 450 Mass. 1005 (2007), on which the Commonwealth relies, the defendant had in fact been released on his own recognizance, and the charges against him had been disposed of, before the court decided his bail review appeal.  That is not the case here.

because he will be compelled to remain in pretrial detention. See Leo, supra.  On the record before us, we see no basis to disturb the judge's implicit finding that the amount was necessary to secure Barbosa's presence at trial.  Finally, as to Barbosa's challenge to the applicable bail statute itself, we have previously held that G. L. c. 276, § 57, does not violate the constitutional guarantee of due process.  Querubin v. Commonwealth, 440 Mass. 108, 110-120 (2003).  It is clear from the record that Barbosa had ample opportunity to be heard on the subject of bail.  The single justice was well within his discretion to deny extraordinary relief.

Judgment affirmed.

Ricardo Barbosa, pro se.
Michael McGee, Assistant District Attorney, for the Commonwealth.