NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1234                                          Appeals Court

C.R.S.  vs.  J.M.S.

No. 16-P-1234.

Barnstable.     March 1, 2017. - December 20, 2017.

Present:  Hanlon, Blake, & Neyman, JJ.

Abuse Prevention.  Protective Order.

Complaint for protection from abuse filed in the Falmouth
Division of the District Court Department on May 29, 2016.

A motion to extend a protective order was heard by Don L.
Carpenter, J.

James R. McMahon, III, for the defendant.

HANLON, J.  The defendant appeals from the issuance of an

abuse prevention order pursuant to G. L. c. 209A, arguing that

both the ex parte order and the extended order after notice were

wrongly issued.[1]  We affirm the order after notice and dismiss

---

[1] In an unpublished memorandum and order issued September 7,
2017, under our rule 1:28, we affirmed the order entered on May
31, 2016.  The defendant filed a timely petition for rehearing
and, after consideration, we withdraw the memorandum and order

the appeal from the ex parte order as it has been superseded by the extended order after notice that was issued properly.

Background.  On May 29, 2016, a District Court judge, on call for emergency matters, issued an emergency ex parte abuse prevention order (ex parte order) pursuant to G. L. c. 209A, § 5, ordering the defendant not to abuse the plaintiff; not to contact her, directly or indirectly; and to stay fifty yards away from her.  The defendant also was ordered to vacate and stay away from the plaintiff's residence.[2]

Two days later, on May 31, 2016, a different judge held a hearing after notice, following the defendant's arraignment on a criminal charge for the incident that gave rise to the ex parte order.  Both the defendant, who was represented by counsel, and the plaintiff testified at the hearing.  The plaintiff told the judge that the defendant had been emotionally abusive for eleven years and that she believed that he had a drinking problem.  She said that she was "scared for [herself] and for [her] daughter."

The plaintiff recounted at least two incidents of physical

_____

and issue this opinion, which in general follows the memorandum and order.  We publish this opinion to offer additional guidance to litigants and the trial courts.

[2] The judge awarded custody of the parties' sixteen month old child to the plaintiff; permitted the defendant to pick up his personal belongings from the parties' shared residence in the company of the police at a time agreed to by the plaintiff; and ordered the defendant to surrender to the police all "guns, ammunition, gun licenses and FID cards."

abuse. In one incident the previous summer, while they were on vacation in the State of Washington, the defendant had "pushed [her] down, pushed [her] against a wall," as "he [had] many times before that." In the other incident, the two were arguing verbally; she explained, "[T]hen that morning I said I was going to leave. And he told me I couldn't take [their daughter]. And I went down the hallway to get some things. And he grabbed me and pushed me against the wall . . . ." She then telephoned the police and the police responded. At that time she applied for and was granted the ex parte order from an on-call judge. The police later placed the defendant under arrest at the police station where, he later testified, he had gone to learn about his rights, as an unmarried father, with respect to his daughter.

At the hearing, the defendant denied that there had been any physical abuse, although he acknowledged that the relationship had been "stressful." The judge then asked the defendant a series of questions and heard argument from defense counsel and from the plaintiff. At the end of the hearing, the judge extended the abuse prevention order for one year.

Discussion. 1. Order after notice. The defendant argues that the ex parte order should not have been extended, contending that his actions, as described by the plaintiff, did not rise to the level of "abuse" as defined by the statute. Although he concedes that the plaintiff's "perception of alleged

'controlling behavior' on [his] part may have given rise to a measure of fear," in his view, that fear was not reasonable. We disagree.

"Whether seeking an initial abuse prevention order under G. L. c. 209A or a later extension, the burden is on the plaintiff to establish facts justifying issuance, or continuance, by a preponderance of the evidence. See Iamele v. Asselin, 444 Mass. 734, 736 (2005) (Iamele); MacDonald v. Caruso, 467 Mass. 382, 386 (2014)." Callahan v. Callahan, 85 Mass. App. Ct. 369, 372 (2014). "In acting on an original G. L. c. 209A application or an application for an extension, a judge has wide discretion, see Iamele [], supra at 742, and can properly take into account the entire history of the parties' relationship, see Pike v. Maguire, 47 Mass. App. Ct. 929, 930 (1999), and any trauma or threat of harm to the applicant's minor children. Vittone v. Clairmont, [64 Mass. App. Ct. 479,] 489 [(2005)]." Smith v. Jones, 75 Mass. App. Ct. 540, 544 (2009).

We are satisfied that the judge properly found that the plaintiff met her burden here. She testified to at least two separate incidents of physical assault (with one incident occurring at the time the ex parte order issued) in the course of a deteriorating and stressful relationship -- a relationship that she testified had been characterized by the defendant's

controlling behavior as well as verbal and emotional abuse. At the time of the hearing, it appeared that the relationship was ending and the defendant was drinking heavily. On these facts, we cannot say that the judge erred in extending the order for one year, concluding that the plaintiff met her burden by a preponderance of the evidence. We note that, in so concluding, the judge was entitled to "draw reasonable inferences from the circumstantial evidence described above." Commonwealth v. Gordon, 407 Mass. 340, 350 (1990).

2. Ex parte order. The defendant also argues that the ex parte order should not have issued. However, "an abuse prevention order, issued ex parte, is [not] itself entitled to appellate review," so long as the defendant had an opportunity to be heard at a subsequent hearing after notice. Allen v. Allen, 89 Mass. App. Ct. 403, 405 (2016). Here, the defendant was given notice of the extension hearing, which was held two days after the ex parte order issued and, represented by counsel, he was given an opportunity to oppose the extension of the ex parte order. He is not entitled to further review of the ex parte order in this court.

The defendant disagrees, however, and argues that "[p]rior to the issuance of the Allen decision, it was well-established that ex parte 209A abuse prevention orders issued pursuant to G. L. c. 209A were properly subject to appeal, even in cases

where the defendant had been granted opportunity to be heard at a subsequent hearing after notice."[3]  After careful review, we are persuaded that the case law does not support that conclusion.

Simply put, a defendant is entitled to be heard on the issue of whether an order pursuant to G. L. c. 209A should have issued, and a defendant has the right to appeal the issuance of an order against him or her.  However, a defendant is not entitled to relitigate each stage of the proceedings.  In Allen, 85 Mass. App. Ct. at 405, this court addressed the situation "in which an abuse prevention order did not merely expire, but was terminated at the hearing after notice."  As we said, "The question, then, is whether an abuse prevention order, issued ex parte, is itself entitled to appellate review, even if it is terminated at the hearing after notice."  Ibid.  We concluded that it was not, saying, "[T]he hearing after notice, with its resulting judicial determination that the order should be terminated and not extended, and its directive to law enforcement agencies to destroy all record of it, provided the defendant with the only relief she could obtain.  Because the defendant cannot obtain any additional relief even by means of a successful appeal, the appeal is moot."  Id. at 405-406.

Similarly, if the order is terminated by a judge at the

---

[3] The defendant made this argument in his petition for rehearing.  See note 1, supra.

plaintiff's request, any appeal of that order is moot because the court already has taken any action that the defendant could have sought on appeal. See Quinn v. Gjoni, 89 Mass. App. Ct. 408, 414 (2016) ("[A]s in Allen . . . , the order under appeal here did not merely expire but has been vacated, and copies of the abuse prevention order possessed by law enforcement officials were ordered destroyed. The defendant therefore has obtained all the relief to which he could be entitled, and he no longer has a cognizable interest in whether the order was lawfully issued. See ibid. Cf. Almahdi v. Commonwealth, 450 Mass. 1005, 1005 (2007) [in a criminal case, the issuance of a nolle prosequi rendered a bail review appeal moot]. Therefore, we dismiss the entire appeal as moot" [footnotes omitted]). Cf. Frizado v. Frizado, 420 Mass. 592, 593-594 (1995) (addressing the facial constitutionality of c. 209A as "[t]he issues may be expected to arise in other proceedings," despite the fact that the order under review was vacated the same day the single justice denied relief).

So too, here, the defendant had the right -- and an opportunity -- to be heard in the trial court about the extension of the ex parte order and, when it was extended, he had the right to be heard in this court on the issue whether that decision was proper. What he does not have is the right to relitigate the issuance of the ex parte order itself, because

that matter is moot:  the ex parte order has been superseded by the order after notice.  At the end of the day, even if there were some procedural irregularity in the issuance of the ex parte order, because we are upholding the issuance of the order after notice, there is no relief available to the defendant.  We cannot vacate the properly issued order after notice, nor can we order the record of it destroyed.

It is true that, if an order merely expires, and the defendant nonetheless pursues an appeal, the matter is not moot and the defendant is entitled to an opportunity to establish, in court, the fact that it was wrongly issued.  See Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998); Dollan v. Dollan, 55 Mass. App. Ct. 905, 905 n.2 (2002).  However, that is not the situation here.

There are also some cases where the reviewing court appears to have examined the ex parte order separately from the order after notice, holding that there had been sufficient support for the ex parte order, but that, at the hearing after notice, the order should not have been extended.  See Corrado v. Hedrick, 65 Mass. App. Ct. 477, 483-484 (2006); Smith v. Jones, 67 Mass. App. Ct. 129, 131-132, 134-137 (2006); Smith, 75 Mass. App. Ct. at 542-543, 545-546.  These cases have no bearing on the present case because, again, we are upholding the issuance of the order after notice.

It is also true that this court has, on occasion, in an abundance of caution, addressed a defendant's appellate arguments on appeal of both the ex parte order and the order after notice and vacated them both. See, e.g., Carroll v. Kartell, 56 Mass. App. Ct. 83, 85-88 (2002). However, in that case, this court determined that neither order should have issued. By contrast, we have not found a case where the order after notice was upheld and the court also considered whether the ex parte order had been issued properly; nor has the defendant brought any such case to our attention.

The defendant also cites Ginsberg v. Blacker, 67 Mass. App. Ct. 139 (2006), which does not assist him. In that case, we said, "The defendant purports also to be challenging the February 14, 2005, ex parte abuse prevention order that was continued for one year by the March 4 order (both orders having been entered on essentially the same evidentiary basis). Assuming that such a separate challenge may be maintained, cf. Larkin v. Ayer Div. of the Dist. Ct. Dept., 425 Mass. 1020, 1020 (1997); Corrado [], 65 Mass. App. Ct. [at] 483 [], we need not address the issue because the defendant did not file a notice of appeal with respect to the ex parte order" (emphasis added). Ginsberg, supra at 140 n.2. In the present case, we are persuaded that "such a separate challenge" may not be maintained.

<u>Order entered May 31, 2016,
affirmed</u>.