NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-341                                        Appeals Court

V.M. <u>vs</u>. R.B.

No. 18-P-341.

Middlesex.       October 5, 2018. - November 28, 2018.

Present: Massing, Ditkoff, & Englander, JJ.

<u>Abuse Prevention</u>. <u>Protective Order</u>. <u>Jurisdiction</u>. <u>Moot Question</u>. <u>Practice, Civil</u>, Moot case.

<u>C</u><u>omplaint</u> for protection from abuse filed in the Concord Division of the District Court Department on September 6, 2017.

The case was heard by <u>Lynn C. Brendemuehl</u>, J.

<u>Karen D. Hurvitz</u> for the defendant.
<u>V.M.</u>, pro se.

MASSING, J. As a rule, a defendant who is the subject of an abuse prevention order issued ex parte at the commencement of an action brought under G. L. c. 209A may challenge the order at the ensuing hearing after notice -- not by an appeal to an appellate court. In this appeal, we consider whether proof of a "substantive dating or engagement relationship," G. L. c. 209A,

§ 1, at the ex parte hearing is a prerequisite for subject matter jurisdiction, warranting appellate review notwithstanding the extension of the ex parte order at the hearing after notice. We conclude that the existence of a substantive dating relationship is not jurisdictional; therefore, we dismiss the defendant's appeal from the ex parte order as moot and affirm the order after notice.

Background.  The plaintiff, V.M., applied for an abuse prevention order against the defendant, R.B.  On the Trial Court Department's "Complaint for Protection from Abuse (G. L. c. 209A)" form, she checked the box indicating that she and the defendant "are or were in a dating or engagement relationship." In her affidavit in support of her complaint, the plaintiff alleged that the defendant threatened her through text messages, phone calls, and in person over the course of Labor Day weekend in 2017.  The affidavit did not describe the plaintiff's relationship with the defendant beyond stating that the defendant had called her "a whore" and told her that "now he would have to make sure he got tested."

At the ex parte hearing in the District Court on September 6, 2017, the judge questioned the plaintiff about the nature of her relationship with the defendant.  The plaintiff testified that she and the defendant "were dating."  Although they "never made it like official boyfriend/girlfriend," their relationship

was exclusive in that she "wasn't having a relationship with anyone else" and he told her that "he was doing the same." At the conclusion of the hearing the judge entered an order prohibiting the defendant from abusing or contacting the plaintiff and requiring him to stay away from her, her residence, and her workplace.[1]

Nine days later, on September 15, 2017, both parties appeared for a hearing before the same judge, the defendant being represented by counsel. The record before us is silent regarding the evidence presented at the hearing. The defendant provided us with only the transcript of the ex parte hearing; he intentionally did not order a transcript of the hearing after notice.[2] The record indicates that the defendant filed a motion to vacate the restraining order and expunge the record at the hearing after notice, arguing, as he does in this appeal, that the judge lacked jurisdiction to extend the order because the evidence at the ex parte hearing failed to establish a

---

[1] Given the view we take of this appeal, we express no opinion on the sufficiency of the plaintiff's proof of a substantive dating relationship at the ex parte hearing.

[2] In preparing the record on appeal, see Mass. R. A. P. 8 (b) (3) (ii), as amended, 428 Mass. 1601 (1998), the defendant designated for transcription the recording of the ex parte hearing "and only that recording," further stating, "In other words, the defendant does not designate the recording of the hearing [after notice] for inclusion in the transcript of the proceedings for purposes of appeal."

substantive dating relationship.  After the hearing, the judge extended the order for six months.  Although the docket sheet does not reflect any action on the motion to vacate, the extension of the order effectively denied it.

Twenty-five days after the entry of the extended order, the defendant filed his notice of appeal from "the abuse-prevention order issued in this matter under purported authority of G. L. c. 209A."  The plaintiff did not seek to extend the order further, and it expired on March 16, 2018.[3]

Discussion.  The defendant does not challenge the sufficiency of the evidence underlying the extension of the c. 209A order at the hearing after notice.  Rather, he argues that the plaintiff failed to present sufficient evidence of a substantive dating relationship at the ex parte hearing, and that this failure divested the District Court of jurisdiction to hold the hearing after notice.  We hold that the existence of a substantive dating relationship is an element of a c. 209A claim and not a prerequisite for subject matter jurisdiction.  As a threshold matter, we address the availability of an appeal from an ex parte abuse prevention order.

---

[3] The expiration of the order does not render this appeal moot.  See C.R.S. v. J.M.S., 92 Mass. App. Ct. 561, 565 (2017); Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998).

1. <u>Appellate review of ex parte abuse prevention orders</u>. A defendant is not entitled to appellate review of an ex parte abuse prevention order if the order is <u>terminated</u> in the trial court at the hearing after notice. See <u>Allen</u> v. <u>Allen</u>, 89 Mass. App. Ct. 403, 403 (2016). In such a case, the judge's action of vacating the ex parte order at the hearing after notice, "accompanied by an order directing law enforcement agencies 'to destroy all record of such vacated order," <u>id</u>., quoting G. L. c. 209A, § 7, gives the defendant "all the relief [he] could obtain by means of a successful appeal." <u>Allen</u>, 89 Mass. App. Ct. at 407. Accordingly, an appeal from the issuance of the ex parte order would be moot. <u>Id</u>.

Nor is a defendant entitled to appellate review of an ex parte abuse prevention order if the order is <u>extended</u> in the trial court at the hearing after notice. In <u>C.R.S</u>. v. <u>J.M.S</u>., 92 Mass. App. Ct. 561 (2017), the defendant challenged both the ex parte order and the extension of that order at the hearing after notice. After rejecting his claims with respect to the extension of the order, we declined to entertain his claims with respect to the ex parte order. "Simply put, a defendant is entitled to be heard on the issue of whether an order pursuant to G. L. c. 209A should have issued, and a defendant has the right to appeal the issuance of an order against him or her. However, a defendant is not entitled to relitigate each stage of

the proceedings." Id. at 564. When the order after notice is affirmed on appeal, the defendant may not revisit the issuance of the ex parte order because "that matter is moot: the ex parte order has been superseded by the order after notice. At the end of the day, even if there were some procedural irregularity in the issuance of the ex parte order, because we are upholding the issuance of the order after notice, there is no relief available to the defendant." Id. at 565. The analysis is no different here, where the defendant challenges only the ex parte order and does not challenge the extension of the order on the merits.

2. Subject matter jurisdiction. The defendant does challenge the issuance of the order after notice in a roundabout fashion: he asserts that because the plaintiff failed to establish a substantive dating relationship at the ex parte hearing, the court lacked subject matter jurisdiction to extend the order at the hearing after notice. To be sure, "a fundamental tenet of law is that lack of subject matter jurisdiction is fatal to a plaintiff's claims." Everett v. 357 Corp., 453 Mass. 585, 612 (2009). And if the court lacks subject matter jurisdiction, "the judgment is void." ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 605 (2000).

The flaw in the defendant's argument is that the existence of a "substantive dating relationship" is merely an element of a

claim for an abuse prevention order under G. L. c. 209A; it is not a jurisdictional requirement.[4]  "Subject matter jurisdiction is 'jurisdiction over the nature of the case and the type of relief sought.'"  Middleborough v. Housing Appeals Comm., 449 Mass. 514, 520 (2007), quoting Black's Law Dictionary 870 (8th ed. 2004).  "Simply put, the question is:  'Has the Legislature empowered the court to hear cases of a certain genre?'"  Buccaneer Dev., Inc. v. Zoning Bd. of Appeals of Lenox, 83 Mass. App. Ct. 40, 41 (2012), quoting Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 56-57 (2010).

Labeling a particular fact as jurisdictional has far-reaching consequences.  The issue of subject matter jurisdiction can be raised at any time.  ROPT Ltd. Partnership, 431 Mass. at 607.  "Tardy jurisdictional objections can therefore result in a waste of adjudicatory resources and can disturbingly disarm litigants."  Sebelius v. Auburn Regional Med. Ctr., 568 U.S.

---

[4] The defendant did not cite any appellate cases in support of his jurisdictional claim, because there are none.  Rather, he relied exclusively on the Guidelines for Judicial Practice: Abuse Prevention Proceedings § 3:02 Subject Matter Jurisdiction, which erroneously suggests that establishing the relationship between the plaintiff and the defendant is necessary to confer "subject matter jurisdiction to issue an abuse prevention order under c. 209A."  See M.B. v. J.B., 86 Mass. App. Ct. 108, 116 (2014) (commentary in Guidelines suggesting that defect in venue is jurisdictional and cannot be waived "inconsistent with the statute, and the statute controls").

145, 153 (2013).  See, e.g., Everett, 453 Mass. at 612
(determination that Superior Court lacked subject matter
jurisdiction required appellate court "to nullify an entire,
completed civil jury trial").  Whether a particular fact is
jurisdictional is primarily a question of Legislative intent.[5]

The Legislature has unequivocally given the District Court,
as well as the Boston Municipal Court and the Probate and Family
Court, jurisdiction over this genre of case.  Section 3 of G. L.
c. 209A gives the "court" the power to hear cases in which a
person alleging to be suffering from "abuse" by a "family or
household member" -- as those terms are defined by G. L.
c. 209A, § 1 -- seeks protection from such abuse, and to grant
relief in the form of an abuse prevention order if the person
establishes those facts.  See C.O. v. M.M., 442 Mass. 648, 650
(2004).  "Included within the definition of 'family or household
members' are those individuals who are or have been engaged in a
'substantive dating or engagement relationship.'"  Id., quoting
G. L. c. 209A, § 1 (e).  The Legislature provided a flexible set
of factors for the "court"[6] to determine the presence of a

---

[5] Accordingly, the United States Supreme Court requires a
clear statement of Congressional intent to rank a particular
provision as jurisdictional.  See Sebelius, 568 U.S. at 153-154,
and cases cited therein.  We have not developed an analogous
test for acts of our Legislature.

[6] Where, as here, the only "family or household member"
relationship asserted by the plaintiff is a "substantive dating

substantive dating relationship, "anticipat[ing] that the existence or absence of a 'substantive dating relationship' would be determined on a case-by-case basis."  C.O. v. M.M., 442 Mass. at 652.

"Abuse prevention order proceedings were intended by the Legislature to be as expeditious and informal as reasonably possible," Zullo v. Goguen, 423 Mass. 679, 681 (1996), with an overriding focus on "the plaintiff's need for protection."  M.G. v. G.A., 94 Mass. App. Ct. 139, 146 (2018).  The Massachusetts Rules of Civil Procedure generally do not apply, see id. at 144-146, and "the rules of evidence need not be followed," Frizado v. Frizado, 420 Mass. 592, 597 (1995).  The Legislature surely did not intend to impose a two-tier framework in which the plaintiff must first prove jurisdictional facts before being permitted to request relief from abuse.  Contrast, e.g., Abate v. Fremont Inv. & Loan, 470 Mass. 821, 829-831 (2015) (discussing procedural regime for establishing standing as "first step" of try title actions); Caffyn v. Caffyn, 441 Mass. 487, 491-492 (2004) (discussing domicil requirement for subject matter jurisdiction in no-fault divorce proceedings in context of Mass. R. Dom. Rel. P. 12 [b] [1] motion to dismiss).

---

or engagement relationship," the complaint must be brought in the "district, probate or Boston municipal courts"; where other types of family relationships are asserted, the complaint may also be brought in the Superior Court.  G. L. c. 209A, § 1.

The defendant is correct that, in the circumstances of this case, the plaintiff was required to establish the existence of a substantive dating relationship to be entitled to relief, "but he is incorrect that this predicate fact constitutes a subject matter jurisdiction threshold." Doe No. 3974, 457 Mass. at 57. The elements that the plaintiff must establish to obtain relief are not equivalent to the "nature" or "genre" of the case, which determines subject matter jurisdiction. See id. ("The 'nature of the case' assigned to the board is distinguishable from the elements of a prima facie case before the board"). Thus, while the plaintiff has the burden "to establish facts justifying the issuance and continuance of an abuse prevention order," Frizado, 420 Mass. at 596, a plaintiff's failure to establish a substantive dating relationship at the ex parte hearing would not deprive the court of jurisdiction.

Conclusion. Because proof of a substantive dating relationship at the ex parte hearing does not determine subject matter jurisdiction, and as the defendant has not otherwise shown error in the September 15, 2017, extension of the abuse prevention order, we affirm the September 15 order. As "there is no relief available to the defendant" from the issuance of the September 6, 2017, ex parte order, C.R.S. v. J.M.S., 92 Mass. App. Ct. at 565, we dismiss the appeal from that order as moot.

<u>So ordered</u>.