NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-343

S.L.[1]

vs.

G.L.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On September 20, 2021, a District Court judge issued an abuse prevention order pursuant to G. L. c. 209A after a hearing with both parties present.  The defendant subsequently moved to vacate that order, stating that he had been unprepared for the September hearing.  On November 4, 2021, by agreement of the parties, the judge held a de novo extension hearing.  After hearing evidence from both parties, the judge extended the order for one year.  The defendant now appeals from that November extension order.  Concluding that the plaintiff presented sufficient evidence of abuse at the November extension hearing and that, in light of the parties' agreement to a de novo

---

[1] After inquiry by the court, the plaintiff chose not to file a brief in this appeal, as is her right.

hearing, the judge was entitled under the statute to extend the order for up to one year, we affirm.

1. *Standard of review.* We review the extension of an abuse prevention order "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). "A plaintiff seeking the extension of an abuse prevention order must prove 'by a preponderance of the evidence . . . that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of imminent serious physical harm.'" G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), quoting MacDonald v. Caruso, 467 Mass. 382, 386 (2014). "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' . . . the utmost deference." Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020), quoting Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).

2. *November hearing.* a. *Sufficiency of the evidence of abuse.* At the November hearing, the plaintiff testified that the defendant, her husband, raped her and that he continued to do so even after she said, "You're hurting me." She testified that on another occasion the defendant "grabbed [her] arms," and then "stood over [her] screaming and yelling . . . , calling

2

[her] a piece of shit."  She further testified that "[the defendant] took [her] computer, [her] passport, the titles to [her] car, . . . all of [her] jewelry and [that] he hid [her] medications."  See Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 554 (2023) (sufficient evidence to extend abuse prevention order "[g]iven the long history of violence and the detailed testimony of the plaintiff as credited by the judge"); M.B. v. J.B., 86 Mass. App. Ct. 108, 117 (2014) ("the evidence was plainly sufficient to support the issuance of the abuse prevention order" where there was "a past history of anger and violence, coupled with the conduct that followed the filing of the divorce petition, and the ongoing escalation of contact in violation of the no contact orders").

In addition, the plaintiff described several violations of the September restraining order.  The plaintiff testified that she was contacted by someone after the defendant indicated that he "wanted to set up a meeting with [her]" and that the defendant approached her at work one day after she "found [a] gun hidden under the bed."  See Callahan v. Callahan, 85 Mass. App. Ct. 369, 370 (2014) (judge extended abuse prevention order after "[the defendant] violated the order and was arrested for crimes of violence against [the plaintiff]").  The plaintiff's

3

testimony provided adequate support for the judge's finding that the plaintiff was suffering from abuse.[2]

b. <u>Extension of the order</u>.  At the initial hearing after notice, a judge may extend an abuse prevention order "for a fixed period of time not to exceed one year."  G. L. c. 209A, § 3.  See <u>G.B.</u>, 94 Mass. App. Ct. at 389 (judge extended abuse prevention order "for a period of one year").  Only after the next extension hearing may a judge issue a permanent order.  G. L. c. 209A, § 3.  See <u>L.L.</u> v. <u>M.M.</u>, 95 Mass. App. Ct. 18, 20 (2019).

While considering the motion to vacate, the judge offered the defendant a new extension hearing.  Both parties agreed to the judge's holding a new extension hearing, even though the September order did not expire for over ten months.  After the hearing, the judge "extended the abuse prevention order for one year."  <u>Vanna V.</u>, 102 Mass. App. Ct. at 549.  Given that the parties had agreed to a de novo hearing, the judge acted within

---

[2] In his brief, the defendant also claims that there was insufficient evidence at the September hearing that the plaintiff was suffering from abuse.  The defendant, however, did not file a notice of appeal from that order.  Cf. <u>V.M.</u> v. <u>R.B.</u>, 94 Mass. App. Ct. 522, 524 (2018) ("The defendant d[id] not challenge the sufficiency of the evidence underlying the extension of the c. 209A order at the hearing after notice").

4

his discretion to extend the order for a year from the date of the November hearing.

Order dated November 5, 2021, affirmed.

By the Court (Ditkoff, Hand & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  June 27, 2023.

---

[3] The panelists are listed in order of seniority.