NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-890

E.B.

vs.

J.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from harassment prevention orders, issued ex parte and after an extension hearing pursuant to G. L. c. 258E.[1] The plaintiff obtained an ex parte 258E order on February 19, 2021, after a judge (ex parte judge) of the Woburn District Court found, inter alia, the following facts. The defendant worked as a delivery driver and, while picking up a

---

[1] The filings submitted to this court by the defendant do not make the exact nature of his appeal clear. His notice of appeal states that he "appeals from the judgment which entered against him on May 25, 2021," apparently in reference to the extension order. However, his brief exclusively references the ex parte order issued on February 19, 2021. Understanding that leniency is sometimes appropriate when reading the filings of pro se litigants, see, e.g., Lawless v. Board of Registration in Pharmacy, 466 Mass. 1010, 1111 n.3 (2013), we consider the defendant's arguments as they apply to both orders. Nevertheless, the rules "bind pro se litigants as all other litigants." Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

delivery at the plaintiff's workplace, began speaking with her. The defendant stood so close to the plaintiff that she felt uncomfortable, asked her personal questions, and said "I want to hit you up sometime." While speaking with her, the defendant's hand was inserted into his pants up to the wrist. The plaintiff handed the defendant some work papers and left out of fear. Her coworker escorted the defendant to his car.

The defendant returned to the plaintiff's workplace three times thereafter and, on at least one occasion, he was asked to leave and refused to do so.[2] The plaintiff's coworker observed handcuffs in the defendant's car. On a different day, the defendant became angry and yelled "what the fuck. Why didn't you open the door?" The plaintiff called the police, who responded and questioned the defendant. The plaintiff testified that she was fearful of the defendant and was away from work for a week because she was afraid of seeing him. The ex parte judge reviewed a series of police reports in connection with the incidents and further noted that the defendant was charged with annoying and accosting, G. L. c. 272, § 53.[3]

---

[2] On at least one occasion, the defendant went to the plaintiff's workplace without any deliveries to pick up.
[3] The ex parte judge also noted that the plaintiff was told by her manager that the defendant had been fired from his job following a corporate investigation.

2

The ex parte order was extended by a different judge of the Woburn District Court (hearing judge) for one year on May 25, 2021, after a hearing at which both parties were present and the plaintiff was represented by counsel.

On appeal, the defendant argues that (1) the plaintiff did not support her application for the order with evidence and that the allegations are false, (2) there was no investigation into the alleged incidents by the employers of either the plaintiff or the defendant, and (3) the alleged acts do not constitute harassment. We affirm.

Discussion. 1. Ex parte order. An ex parte harassment prevention order "'is [not] itself entitled to appellate review,' so long as the defendant had an opportunity to be heard at a subsequent hearing after notice." C.R.S. v. J.M.S., 92 Mass. App. Ct. 561, 563 (2017), quoting Allen v. Allen, 89 Mass. App. Ct. 403, 405 (2016). Here, the defendant had an opportunity to be heard at the May 25 extension hearing after notice. Accordingly, the defendant "is not entitled to further review of the ex parte order," as it "has been superseded by the [extension] order after notice." C.R.S., supra at 563, 565.

2. Extension order. "In reviewing a civil harassment order under G. L. c. 258E, we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed '[three] or

3

more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.'" A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015), quoting G. L. c. 258E, § 1. See O'Brien v. Borowski, 461 Mass. 415, 419-420 (2012). "[T]here are two layers of intent required to prove civil harassment under c. 258E: the acts of harassment must be wilful and '[m]alicious,' the latter defined as 'characterized by cruelty, hostility or revenge,' and they must be committed with 'the intent to cause fear, intimidation, abuse or damage to property.'" O'Brien, supra at 420, quoting G. L. c. 258E, § 1.

Here, the defendant has failed to provide us with a transcript of the extension hearing that occurred on May 25. The docket contains entries dated June 24, 2021, stating that the defendant "intends to order transcripts" and dated September 20, 2021, stating that the "[d]efendant withdraws request for transcripts." Furthermore, the defendant handwrote and initialed a statement on his notice of appeal reading "no transcript needed." In fact, a transcript of the extension hearing is needed to reach the merits of the defendant's arguments as they apply to that hearing. It is the appellant's responsibility to provide transcripts when they are required, and he has failed to do so here. See Mass. R. A. P. 8 (b) (1),

4

as appearing in 481 Mass. 1611 (2019).  The defendant's argument that neither his employer nor the plaintiff's employer conducted investigations into the alleged harassment is similarly unavailing.  No investigation on the part of any employer is required to support the extension of a 258E order.  See A.T., 88 Mass. App. Ct. at 535 (stating requirements for 258E order).

Orders entered February 19, 2021, and May 25, 2021, affirmed.

By the Court (Henry, Desmond & Englander, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  June 28, 2023.

---

[4] The panelists are listed in order of seniority.