NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-244

C.T.

vs.

R.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order entered on November 9, 2021, in the District Court. He contends that the District Court judge erred in granting the extension because there was insufficient evidence justifying the extension and he was not allowed to present evidence or cross-examine witnesses.[1] We affirm.

Background. The parties were in a dating relationship for approximately six months. On November 4, 2019, after an incident involving the plaintiff resulted in criminal charges against the defendant, the plaintiff obtained the original order, which was subsequently extended, after a hearing on November 7, 2019, for one year. At the November 7, 2019,

_____

[1] The plaintiff has not participated in the appeal.

hearing, the judge stated that the affidavit had not been signed, but that he would have the plaintiff sign it. The defendant has not put the affidavit, signed or unsigned, in the record appendix. In 2020, the order was extended for another year after a hearing which the defendant -- who was incarcerated -- did not attend.

On November 9, 2021, after another hearing, the order was extended until November 2022. At that hearing, the defendant, who was incarcerated at the Hampden County house of correction, appeared by video call over "Zoom," an online video conferencing platform provided by Zoom Video Communications, Inc. The plaintiff appeared in person.

The defendant, when asked by the judge whether he opposed an extension, responded that it was "not [his] burden" but that he "did want to be physically habed in" that day -- that is, brought into court through issuance of a writ of habeas corpus -- and that he had "some documents [he] want[ed] to submit to the Court." Those documents included "digital documentation, digital evidence, screenshots and photographs and text conversations." He asked that the judge "put [the extension hearing] off until [he could] get a physical habe, perhaps this week." The judge then reviewed an affidavit from the plaintiff. Recognizing that the defendant was entitled to present his evidence, the judge said "Well, what I'm going to do is I'm

2

going to extend the order for a year, but I am going to authorize without prejudice to [R.C.]. We'll habe you in and you can present to me whatever documentation you want to show me." The judge wrote on the abuse prevention order "Extended w/out prejudice[.] [R.C.] should be habed in to appear on 12/7/21." According to the docket, on the date this order issued, the judge issued a writ of habeas corpus to have the defendant brought to court on December 7, 2021. Three days after the hearing, the defendant filed a notice of appeal.

The docket states that a hearing was held on December 7, 2021, before a second judge. We have no transcript of that proceeding, nor does the defendant even mention it in his filings. The docket indicates an abuse prevention order was issued after that hearing and the defendant was served with it in hand. The record appendix contains no such order. We infer that it left the November 9, 2021, extension order before us undisturbed, though the defendant has provided nothing indicating whether it reaffirmed that order, superseded it, or took some other action. The defendant did not notice an appeal from the December 7, 2021 order.

Discussion. The defendant argues that the initial order should not have issued and that his due process rights were violated at the November 9, 2021, extension hearing. He is not free to now challenge the evidence supporting the initial order

3

in an extension proceeding such as this.  See Iamele v. Asselin, 444 Mass. 734, 740 (2005) ("The judge is to consider the basis for the initial order in evaluating the risk of future abuse should the existing order expire [but] [t]his does not mean that the restrained party may challenge the evidence underlying the initial order").  Nor is this an appeal of the November 2019 extension order, so no question with respect to that order is properly before us.  See C.R.S. v. J.M.S., 92 Mass. App. Ct. 561, 564 (2017) ("[A] defendant is not entitled to relitigate each stage of the proceedings").

With respect to the November 9, 2021, extension order, which is properly before us, the defendant argues only that "the court denied the appellant the right to present evidence and [] an opportunity to be heard on the question of continuing the order and of granting other relief."  He states that "the record reveals the defendant was not given an opportunity to present evidence or to call and cross-examination witnesses.  The defendant specifically argued to be present in court.  The defendant explicitly argued for his right to present evidence. The defendant was not permitted to present evidence. Incomprehensibly, the court, extended the order without giving the defendant the opportunity to challenge the extension of the order with cross-examination of the witness and the presentation of favorable evidence."

4

The record indicates that, to the contrary, the judge specifically issued the extension order without prejudice to allow the defendant the opportunity to appear in person and to present the evidence he sought to present, which could not be accommodated on the date of the hearing.  The defendant has provided nothing, not even an assertion in his brief, that the second hearing did not occur, or that he did not at that hearing have the opportunity to be present, to present evidence, or to cross-examine any witnesses.  "[I]t is the appellant's responsibility to ensure that the record is adequate for appellate review."  Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018), quoting Commonwealth v. Woody, 429 Mass. 95, 97 (1999).  In the absence of any evidence of shortcomings in the hearing the judge scheduled precisely in order to protect the defendant's rights, and assuming the order before us continued in effect after that hearing, the defendant has not met his burden to show that the

5

extension order remains in place as a result of any procedural deficiency.

Order entered November 9, 2021, affirmed.

By the Court (Rubin, Englander & Brennan, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  August 9, 2023.

---

[2] The panelists are listed in order of seniority.