NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-219

A.M.D.

vs.

D.A.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

D.A.C., a self-represented litigant, submits this consolidated appeal from the following five orders relating to a G. L. c. 209A order issued against him:  (1) a temporary 209A order following an ex parte hearing (order 1); (2) an order extending the temporary 209A order following a full hearing (order 2); (3) the denial of his motion to vacate the 209A order (order 3); (4) the denial of his motion for a new trial (order 4); and, (5) the denial of his motion for written findings (order 5).  We affirm.

Outside of business hours on December 25, 2023, at the request of the appellee, A.M.D., an emergency 209A order was issued against D.A.C.  In her affidavit supporting the

application for the order, A.M.D. detailed that on Christmas day, after hearing her family's dog barking at 3 A.M., she and her family found a poster-sized picture of her daughter, the child she had with D.A.C., and a package on the lawn outside their home in Princeton, Massachusetts.  A.M.D. believed that the items were left by D.A.C. with whom she's had no contact for three or four years and who resides in New York.  A.M.D. further stated that she had previously obtained orders of protection against D.A.C., which she believed had expired, for about twelve years following a documented history of "domestic violence, rape, molestation, incest, stalking [and] abuse."  Because it was an afterhours emergency order, A.M.D. was instructed to go to court the following day to request a further order.

On December 26, 2023, A.M.D. presented herself at court and following an ex parte hearing, a judge of the District Court granted a temporary 209A order against D.A.C., and extended the previous order until January 9, 2024, at which time a two-party hearing could be had if A.M.D. desired a further extension.  She did.  During the two-party hearing, A.M.D. testified as to the events on Christmas day, that she has had previous protection orders in New York against D.A.C. for about the last twelve years, and that D.A.C. has never stopped harassing and stalking

2

her and her family.[1]  She also testified that she and her daughter fear for their lives because of threats of violence D.A.C. has made against them.  In turn, D.A.C. alleged, inter alia, that the parties had an ongoing child custody dispute in New York, and that A.M.D. had committed parental kidnapping of their daughter.

At the end of the hearing, the judge extended the 209A order for one year until January 5, 2025.  On January 12, 2024, D.A.C. filed a motion to vacate the 209A order which was denied on January 24, 2024.  On February 23, 2024, D.A.C. filed a motion for a new trial which was denied on March 11, 2024.  Finally, on March 13, 2024, D.A.C. filed a motion requesting written findings which was denied the following day.

Discussion.  "General Laws c. 209A enables a person suffering from abuse from an adult or minor family or household member to obtain a protective order directing the defendant, among other things, to refrain from abuse or contact" (quotations and citations omitted).  E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  "Under G. L. c. 209A, § 1 (e), family or household members include persons who are or have been in a

---

[1] D.A.C. was personally served with the temporary order and notice of the District Court two-party hearing at Worcester Probate and Family Court at 9:42 A.M. on the morning of the two-party hearing.

substantive dating or engagement relationship." Id. "Abuse" is defined, inter alia, as "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1. To meet that standard, the plaintiff must satisfy both a subjective and an objective standard: that she was currently in fear of imminent serious physical harm, and that her fear was reasonable. See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).

Our review of orders 2, 3, and 4 are for an abuse of discretion or other error of law.[2] See E.C.O., 464 Mass. at 561-562. As to order 5, a judge's decision to not issue written findings will stand so long as a reasonable basis exists for the underlying decision. See Nelson N. v. Patsy P., 98 Mass. App. Ct. 78, 81 n.7 (2020).

Here, contrary to D.A.C.'s arguments, there was sufficient evidence to warrant an extension of the temporary 209A order (order 2). During the full hearing, A.M.D. testified that D.A.C.'s conduct in the early morning on December 25, 2023, placed herself and her family in immediate fear of harm. Importantly, prior to the hearing, D.A.C. admitted to police that he did leave the picture of his daughter and a gift at the

---

[2] The defendant is not entitled to appellate review of order 1 because it was an ex parte 209A order that was extended after a full hearing following notice. See V.M. v. R.B., 94 Mass. App. Ct. 522, 524 (2018). Accordingly, the appeal from that order will be dismissed as moot. Id. at 527.

4

mailbox at A.M.D.'s mother's home.  D.A.C. further disclosed

that he had a "court order designation of confidentiality" that

prevented him from knowing where A.M.D. lives.  Additionally,

the record reflects that A.M.D. has previously obtained multiple

abuse and prevention orders against D.A.C. over the last twelve

years.

Considering this backdrop, the judge below could have

reasonably found that D.A.C.'s surreptitious behavior on

December 25, 2023, put A.M.D. in fear of imminent serious

physical harm by D.A.C., and that such a fear was reasonable.

Yahna Y., 97 Mass. App. Ct. at 186.  Accordingly, we find no

abuse of discretion in extending the 209A order (order 2), or

the judge's denials of D.A.C.'s motion for a new trial (order 3)

and motion to vacate (order 4).  Likewise, because a reasonable

basis existed for extending the 209A order, the judge was not

required to issue written findings (order 5).[3]  Nelson N., 98

Mass. App. Ct. at 81 n.7.  Furthermore, while D.A.C. makes

several arguments concerning A.M.D.'s purported misconduct with

the custody of their daughter, these arguments are outside the

---

[3] While D.A.C. also argues that the judge erroneously credited A.M.D.'s testimony, "[w]e accord the credibility determinations of the judge who heard the testimony of the parties . . . the utmost deference" (quotations and citations omitted), E.C.O., 464 Mass. at 562, and find no reason not to do so here.

scope of the 209A order at issue here.  As the hearing judge noted below, child custody issues are within the purview of the Probate and Family Court.

The orders of the District Court entered January 9, 2024, January 24, 2024, March 11, 2024, and March 14, 2024, are affirmed.  The appeal from the order entered December 26, 2023, is dismissed as moot.

<u>So ordered</u>.

By the Court (Desmond, Grant & Hodgens, JJ.[4]),

*Paul Little*

Clerk

Entered:  April 18, 2025.

---

[4] The panelists are listed in order of seniority.